**VIA ECF**

      RE:    *Uddin v. Elsevier, B.V. et al.*, No. 1:24-cv-06409-HG (E.D.N.Y.);
               Joint Letter re Anticipated Scope of Discovery and Positions on Discovery Stay

Dear Judge Gonzalez:

      Plaintiff and Defendants submit this joint letter in response to the Court's October 6, 2024 Order directing the parties to describe the anticipated scope of discovery in this case and their positions on whether discovery should be stayed.

**I.**      **Dr. Uddin's Statement**

      This is an antitrust class action on behalf of scholars in the United States who submitted manuscripts or provided peer review to the Defendants (the "Class"). Dr. Uddin challenges an unlawful conspiracy among Defendants to divert funding from scientific research to themselves (the "Scheme"). Defendants' Scheme includes three agreements: (1) the Unpaid Peer Review Rule; (2) the Single Submission Rule; and (3) the Gag Rule.

      Discovery in this case will include: communications among Defendants regarding the peer-review journal business; structured data regarding manuscript submissions, peer review, revenues, and costs; and internal business plans and communications relevant to the Scheme.

      Defendants have until January 14, 2025 to respond to the Complaint. ECF No. 33. In the meantime, Dr. Uddin proposes that partial document discovery proceed. The parties should confer pursuant to Rule 26(f); serve requests for production; serve responses and objections; identify document custodians and other sources of responsive documents and data; ensure that the parties are preserving relevant evidence; and complete other tasks such as agreeing on a protective order and a document production protocol (Dr. Uddin provided drafts of the protective order and ESI Protocol to Defendants on October 9, 2024.) Documents and data that the parties may reasonably identify without the need for ESI search terms should be produced. The parties should seek agreement on ESI custodians and search terms. If agreement cannot be reached, the parties should submit remaining disputes to the Court. This proposal would allow the parties to make substantial progress, while avoiding the burdens of depositions and potentially voluminous ESI document review until after the Court resolves Defendants' motion to dismiss.

      Defendants intend to move to dismiss the Complaint. Defendants seek a complete discovery stay, refusing to conduct a Rule 26(f) conference until 30 days after the parties complete briefing Defendants' motion to dismiss. In other words, Defendants ask the Court to allow them to sit on their hands until the spring of 2025. Defendants also refuse to comply with the Court's order to describe the anticipated scope of discovery, asserting that it is "premature" to "speculate" about the scope of discovery.

      The Court should deny Defendants' request to stay discovery. "A motion to dismiss does not automatically stay discovery." *K.A. v. City of New York*, No. 1:16-cv-04936-LTS-JW, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (citation omitted). "Pursuant to Federal Rule of Civil Procedure 26(c), a district court 'may stay discovery while a motion to dismiss is pending, but

Honorable Hector Gonzalez
Page 2

only if good cause is shown.'" *Jakob v. JP Morgan Chase Bank, N.A.*, No. 22-CV-03921 (HG), 2023 WL 2386395, at *1 (E.D.N.Y. Mar. 7, 2023) (citation omitted). As this Court has explained: "This mandate of a showing of good cause is critically important" because of the Court's obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 1. "Indeed, a request to stay litigation appears to be the antithesis of that very command." *Id.* (citing *Friedman ex rel. Ellett Bros., LLC v. Nexien, Inc.*, No. 21-CV-03292, 2021 WL 5910763, at *2 (E.D.N.Y. Nov. 9, 2021)). Factors relevant to a showing of good cause include: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Friedman*, 2021 WL 5910763, at *2. The burden is on Defendants to establish that a stay is warranted. *See Idle Media, Inc. v. Create Music Grp, Inc.*, No. 1:24-cv-00805, 2024 WL 2946248, at *1 (S.D.N.Y. June 11, 2024).

**(1) <u>Defendants' Future Motion to Dismiss Appears Meritless.</u>** Below, Defendants contend that alleged direct evidence of the challenged conspiracy is somehow insufficient for purposes of a motion to dismiss under *Twombly*. Defendants are mistaken. *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 135-136 (2d Cir. 2013) ("'Allegations of direct evidence of an agreement . . . are independently adequate' under *Twombly*") (quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 323–24 (3d Cir. 2010)).

Defendants seek to defend their collusion by asserting that their so-called "Principles" are "non-binding." In fact, Defendants are all members of the trade association STM, which requires "express assent to the Principles." Compl. ¶¶ 16-22, 42. And Defendants have, indeed, abided by their illicit commitments, injuring the Class, science, and the public interest. *Id.* ¶¶ 43 (Unpaid Peer Review Rule); 84 (Single Submission Rule); 87 (Gag Rule).

Finally, Defendants assert that conspiring to pay peer reviewers nothing, eliminating competition among Defendants for manuscripts, and muzzling researchers somehow "promote[s] reliable academic publications and enable[s] competition in the market for scholarly articles." Such purported procompetitive rationales are "inappropriate" on a motion to dismiss. *Davitashvili v. Grubhub Inc.*, No. 20-cv-3000 (LAK), 2022 WL 958051, at *6 (S.D.N.Y. Mar. 30, 2022). Further, Defendants' meritless argument is not cognizable under the antitrust laws, because it depends upon "the assumption that competition itself is unreasonable," and therefore is "nothing less than a frontal assault on the basic policy of the Sherman Act." *Nat'l Soc'y of Prof'l Eng'rs v. United States*, 435 U.S. 679, 695–696 (1978) (condemning written ethical rule in a "Code of Ethics" promulgated by engineering association). It is not up to Defendants to decide when competition is or is not desirable. That decision was made by Congress long ago when it passed the Sherman Act. Defendants provide no valid basis for dismissing the Complaint. Staying discovery would thus "only postpone the inevitable." *See P.C. v. Driscoll*, No. 24-cv-2496 (LJL), 2024 WL 3606511, at *2 (S.D.N.Y. July 30, 2024).

**(2) <u>Partial Document Discovery Would Not Be Unduly Burdensome.</u>** Dr. Uddin's request for partial document discovery postpones depositions and potentially burdensome review of custodial ESI until after the Court rules on Defendants' (meritless) motion to dismiss, while permitting the parties to make substantial discovery progress in the meantime.

"A party requesting a stay must state any burden associated with the production and vague and conclusory contentions are not sufficient to prevail." *RBG Mgmt. Corp. v Vill. Super Mkt., Inc.*, No. 22-cv-07996 (JLR), 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023) (citation omitted). Defendants rely on conclusory contentions that discovery will require 'costly and burdensome efforts' and 'document collection' but "ha[ve] not stated how long [they] expect[] discovery to take, the costs associated with discovery, or any other indicator that might demonstrate why discovery will be overly burdensome." *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *2 (S.D.N.Y. July 6, 2023). Further, Defendants cases are inapposite: Plaintiff does not seek the depositions of CEOs or senior executives (*Palladino*), demand that Defendants spend "over 1000 attorney hours" reviewing documents (*In re Term Commodities Cotton Futures Litigation*), or bring multiple claims against 40 defendants (*Spinelli*). In an attempt to make this inapplicable authority more persuasive, Defendants misleadingly assert Dr. Uddin "anticipates" adding 50 defendants. Not so. Naming John Doe co-conspirators is a standard pleading precaution in antitrust conspiracy cases.

**(3) Defendants Have Failed to Demonstrate a Lack of Prejudice to Dr. Uddin.** A total stay of discovery would prejudice Dr. Uddin, and last several months. *See Idle Media*, 2024 WL 2946248, at *2; *see also White v. UMG Recordings, Inc.*, No. 20 Civ. 9971 (AT), 2021 WL 12284420, at *1 (S.D.N.Y July 12, 2021). Unlike Defendants' cases, here there is no briefing schedule or hearing date (*Spinelli*), briefing will not be complete in two months (*Palladino*), nor is the motion already briefed (*Gross*). In contrast, here Defendants' opening brief will not be filed for another three months. *See* Dkt. No. 33. Furthermore, the longer the stay, the greater the risk of fading memories and deleted documents. *See RBG Mgmt.*, 2023 WL 1996920, at *2 ("The potential fading memories of witnesses who were part of the historical relationship between the parties weighs against a stay."). Accordingly, the Court should deny Defendants' request for a total discovery stay, and permit the limited document discovery Dr. Uddin has proposed to proceed.

## II. Defendants' Statement

Defendants intend to move to dismiss Plaintiff's Complaint; the Court may dismiss some or all of Plaintiff's claims in whole or in part. Nonetheless, and contrary to Plaintiff's mischaracterization, Defendants have proposed a *limited* stay of discovery pending resolution of their anticipated motions to dismiss. Defendants have proposed: to negotiate a protective order and ESI protocol; to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26, no later than 30 days after the close of reply briefing on their motions to dismiss and, at that time, accept for consideration proposed search terms for custodial document searches; and to hold a Rule 26(f) conference within 14 calendar days after resolution of their motion to dismiss. In contrast to Defendants' balanced and reasoned approach, Plaintiff's calls for immediate production of documents and data and would require substantial effort focused on document discovery before the Court first decides whether the case should proceed to discovery at all.

A stay of discovery pending rulings on Defendants' anticipated motions to dismiss is warranted. District courts possess "considerable discretion to stay discovery pursuant to Rule 26(c)," upon a showing of good cause. *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270,

272-73, 275 (E.D.N.Y. 2024) (granting stay in antitrust case until resolution of anticipated motion to dismiss), *aff'd*, 2024 WL 1672282, at *2 (E.D.N.Y. Apr. 18, 2024). Courts must "retain the power to insist upon some specificity in pleading" before allowing parties to proceed to the expensive process of discovery, especially for cases involving "massive factual controversy" quintessential of antitrust cases. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (noting that discovery may account for "as much as 90 percent of litigation costs") (internal citations omitted). Courts have found good cause to stay discovery pending resolution of a motion to dismiss where (1) defendants have made a strong showing that plaintiff's claim is "unmeritorious"; (2) discovery would be broad and burdensome; and (3) there is little risk of unfair prejudice to the party opposing the stay. *Palladino*, 345 F.R.D. at 273 (internal quotation omitted). Here, all three factors and the general interest in preserving limited judicial resources weigh in favor of Defendants' proposed limited stay of discovery pending resolution of Defendants' anticipated motions to dismiss.

**1) Defendants Have Substantial Grounds for Dismissal**. A stay of discovery is particularly appropriate where some or all claims may be resolved with a motion to dismiss. *See, e.g.*, *Amron v. 3M Minn. Mining & Mfg. Co.*, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (granting stay where the "arguments [d]efendants set forth appear[ed], at least on their face, to make a strong showing" that plaintiff's claims were barred); *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023) (granting stay where defendant "raised substantial arguments" as to the sufficiency of plaintiff's claims); *Thomas v. Amazon.Com Servs., LLC*, 2024 WL 3706844, at *4 (E.D.N.Y. Apr. 15, 2024) (same where motions to dismiss "are colorable") (internal quotations omitted). Under these circumstances, a stay prevents plaintiffs from improperly using discovery "in the mere hope that [it] will produce facts that could be used to state a valid claim." *Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012). The Supreme Court has expressly cautioned district courts against permitting premature, "fully open," discovery in antitrust litigations prior to any determination as to the adequacy of a plaintiff's pleadings. *Twombly*, 550 U.S. at 558; *see also LaFlamme v. Societe Air France*, 702 F. Supp. 2d 136, 154-55 (E.D.N.Y. 2015) ("The court cannot sanction an enormously expensive and time-consuming discovery expedition . . . on a mere possibility [of misconduct].").

Here, Plaintiff's conclusory allegations do not meet the *Twombly* standards. Plaintiff does not even attempt to rely on "indirect evidence" of a conspiracy, instead hitching her wagon to supposed "direct evidence"—*i.e.*, "smoking gun" evidence of an unlawful agreement that requires no inferences—in the form of ethical principles for publishing by the International Association of Scientific, Technical, and Medical Publishers. But citations to such facially non-binding principles are not evidence—direct or otherwise—of the anticompetitive "conspiracy" posited by Plaintiff, and the principles do not themselves establish what Plaintiff alleges. For example, common description of peer reviewers as "volunteers" does not constitute an agreement. *See, e.g.*, Compl. ¶ 43. Plaintiff fails to allege how these non-binding principles (of which this Court may take judicial notice) constitute a violation of the Sherman Act and not simply practices that promote reliable academic publications and enable competition in the market for scholarly articles.

**2) The Breadth and Burden of Discovery Are Significant.** Discovery in antitrust cases is notoriously burdensome and characterized by "unusually high" costs. *Twombly*, 550 U.S. at

558; Manual for Complex Litigation (Fourth) § 30 (2023) ("Antitrust litigation can . . . involve voluminous documentary and testimonial evidence [and] extensive discovery").  Courts must carefully consider the burden of discovery in determining whether a stay is warranted.  *See Amron*, 2024 WL 263010, at *3 ("breadth of discovery" favored stay to "avoid substantial burden and waste of precious resources"); *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013) (granting stay where the "burden associated with" review of 90,000 pages of documents was "significant"); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay where "discovery is likely to be broad and significant" and plaintiffs failed to "articulate any limiting principle for the discovery sought pre-motion").

Plaintiff's proposed discovery is extremely broad, and would be extremely burdensome.  Collection and review of "internal business plans and communications" related to core aspects of Defendants' business (*e.g.*, manuscript submissions and peer review) created by multiple parties at each Defendant—to say nothing of the additional 50 defendants Plaintiff anticipates "join[ing] as parties" (Compl. ¶ 23)—over the past ten years would be enormously burdensome and far in excess of the "significant" burden imposed by review of 90,000 pages in *In re Term Commodities*, 2013 WL 1907738, at *6.  Plaintiff cannot minimize these burdens.  Like in *Spinelli*, 2015 WL 7302266, at *2, Plaintiff's proposed "limited document discovery" before resolution of a motion to dismiss does not impose any true limiting principle.  Instead, it requires the Parties to engage in all of the same costly and burdensome efforts as would be required if there were no stay at all.  Not only does Plaintiff propose immediate production of some documents, but also negotiation of all search terms, ignoring the fact that effective search term negotiations typically require document collection to properly assess the burden imposed.  A discovery stay pending resolution of anticipated motions to dismiss is necessary here to avoid waste of judicial and party resources.  *See Amron*, 2024 WL 263010, at *3.

**3) A Discovery Stay Will Not Prejudice Plaintiff.**  This action is still in its infancy; Defendants propose to take preliminary steps to efficiently advance the case if it survives a motion to dismiss, including affirmative steps to ensure that "all evidence will be preserved pending the motion to dismiss." *Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024).  A "stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  *Spinelli*, 2015 WL 7302266, at *2.  Plaintiff has "not articulated any compelling reason" for proceeding with discovery at this point.  *Gross*, 2023 WL 6815052, at *2 (a delay in discovery, "without more, is insufficient to justify the denial of a stay"); *Palladino*, 345 F.R.D. at 275 (granting stay a year after the operative complaint was filed where plaintiffs failed to establish prejudice).  Plaintiff's claim relies on principles published more than ten years ago; her argument that an additional three months poses "the risk of fading memories and deleted documents" defies logic.  Any delay in discovery is merited to allow the Court to dismiss Plaintiff's claims or narrow relevant discovery topics, ultimately reducing the burden of litigation for both the Parties and the Court.

For the foregoing reasons, Defendants respectfully request that the Court order the limited discovery stay as proposed by Defendants pending resolution of Defendants' forthcoming motions to dismiss.

Honorable Hector Gonzalez
Page 6

Dated: October 21, 2024                    Respectfully submitted,

/s/ Dean M. Harvey
Dean M. Harvey (admitted *pro hac vice*)
Jallé H. Dafa (admitted *pro hac vice*)
Benjamin A. Trouvais (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
dharvey@lchb.com
jdafa@lchb.com
btrouvais@lchb.com

Emily N. Harwell (NY Bar # 5985585)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500
Fax: (212) 355-9592
eharwell@lchb.com

Benjamin Elga (NY Bar #5332861)
Janet Herold (admitted *pro hac vice*)
JUSTICE CATALYST LAW
40 Rector St
New York, NY 10006
Telephone: (518) 732-6703
belga@justicecatalyst.org
jherold@justicecatalyst.org

*Counsel for Plaintiff and the Proposed Class*

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP | SIDLEY AUSTIN LLP |
| */s/ David R. Marriott* <br> David R. Marriott <br> Sharonmoyee Goswami <br> Jesse M. Weiss <br> Two Manhattan West <br> 375 Ninth Avenue <br> New York, NY 10001 <br> (212) 474-1000 <br> dmarriott@cravath.com <br> sgoswami@cravath.com <br> jweiss@cravath.com <br><br> *Attorneys for Defendant Elsevier B.V.* | */s/ Benjamin R. Nagin* <br> Benjamin R. Nagin <br> 787 Seventh Avenue <br> New York, NY 10019 <br> (212) 839-5300 <br> bnagin@sidley.com <br><br> Carrie Mahan (admitted *pro hac vice*) <br> S. Nicole Booth (admitted *pro hac vice*) <br> 1501 K Street, N.W. <br> Washington, D.C. 20005 <br> carrie.mahan@sidley.com <br> nicole.booth@sidley.com <br> (202) 736 8000 <br><br> *Attorneys for Defendant Wolters Kluwer N.V.* |
| ARNOLD & PORTER KAYE SCHOLER LLP | WEIL, GOTSHAL & MANGES LLP |
| */s/ C. Scott Lent* <br> C. Scott Lent <br> Esther Ha Yoon Sohn <br> Leah J. Harrell (admitted *pro hac vice*) <br> 250 West 55th Street <br> New York, NY 10019-9710 <br> Telephone: (212) 836-8000 <br> Fax: (212) 836-8689 <br> scott.lent@arnoldporter.com <br> esther.sohn@arnoldporter.com <br> leah.harrell@arnoldporter.com <br><br> Matthew Tabas (admitted *pro hac vice*) <br> 601 Massachusetts Avenue, NW <br> Washington, DC 20001-3743 <br> Telephone: (202) 942-5000 <br> Fax: (202) 942-5999 <br> matthew.tabas@arnoldporter.com <br><br> *Attorneys for Defendant John Wiley & Sons, Inc.* | */s/ Adam C. Hemlock* <br> Adam C. Hemlock <br> Benjamin E. Marks <br> Rebecca R. Jacobson (admitted *pro hac vice*) <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Fax: (212) 310-8007 <br> adam.hemlock@weil.com <br> benjamin.marks@weil.com <br> rebecca.jacobson@weil.com <br><br> *Attorneys for Defendant International Association of Scientific, Technical, and Medical Publishers* |

Honorable Hector Gonzalez
Page 8

| | |
|---|---|
| VENABLE LLP | WHITE & CASE LLP |
| */s/  Danielle  R.  Foley* | */s/  Robert A. Milne* |
| Danielle R. Foley | Robert A. Milne |
| Lisa Jose Fales (*pro hac vice forthcoming*) | Jack E. Pace III |
| Andrew T. Hernacki (*pro hac vice forthcoming*) | Bryan Gant |
| 600 Massachusetts Avenue, NW | 1221 Avenue of the Americas |
| Washington D.C. 20001 | New York, NY 10020 |
| Telephone: (202) 344-4000 | tel.: (212) 819-8200 |
| drfoley@venable.com | fax: (212) 354-8113 |
| ljfales@venable.com | rmilne@whitecase.com |
| athernacki@venable.com | jpace@whitecase.com |
| | bgant@whitecase.com |
| *Attorneys for Defendant Sage Publications, Inc.* | Heather M. Burke |
| | 3000 El Camino Real |
| | 2 Palo Alto Square, Suite 900 |
| | Palo Alto, CA 94306-2109 |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | tel.: (650) 213-0300 |
| | fax: (650) 213-8158 |
| | hburke@whitecase.com |
| /s/ C. Lawrence Malm *(with permission)* | |
| D. Bruce Hoffman (admitted *pro hac vice*) | *Attorneys for Defendant Taylor & Francis Group, Ltd.* |
| Kenneth Reinker *(admission forthcoming)* | |
| C. Lawrence Malm | |
| 2112 Pennsylvania Avenue, N.W. | |
| Washington, D.C. 20037-3229 | |
| T: 202-974-1500 | |
| F: 202-974-1999 | |
| bhoffman@cgsh.com | |
| kreinker@cgsh.com | |
| lmalm@cgsh.com | |
| | |
| *Attorneys for Defendant Springer Nature AG & Co. KGaA* | |