<u>**VIA ECF**</u>

   RE: *Dhamala et al. v. Elsevier B.V. et al.*, No. 1:24-cv-06409-HG (E.D.N.Y.)

Dear Judge Gonzalez:

  Plaintiffs hereby respond to Informa PLC ("Informa"), Taylor & Francis Group, Ltd. ("T&F Ltd."), and Wolters Kluwer N.V.'s ("WKNV") (together, "PJ Defendants") pre-motion letter to dismiss Plaintiffs' Amended Complaint ("Complaint," ECF No. 63). *See* ECF No. 105. While the PJ Defendants refer to themselves as the "Foreign Defendants," three other foreign Defendants and alleged co-conspirators concede personal jurisdiction and do not join their letter: Elsevier, B.V. (headquartered in The Netherlands), STM (also headquartered in The Netherlands), and Springer Nature AG & Co. KGaA (headquartered in Germany). The PJ Defendants should answer for their alleged misconduct in the same forum that will adjudicate Plaintiffs' claims against their alleged co-conspirators and wholly-owned subsidiaries.

  Three elements must be satisfied for personal jurisdiction: proper service of process, a statutory basis for personal jurisdiction, and compliance with the constitutional due process principles of minimum contacts and reasonableness. *See Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 121 (2d Cir. 2021). The PJ Defendants only challenge the third requirement: due process. ECF No. 105. Plaintiffs need only make a "prima facie" showing of jurisdictional facts to establish personal jurisdiction at the motion to dismiss stage. *Okla. Firefighters Pension & Ret. Sys. v. Banco Santander (México) S.A. Insitutución de Banca Múltiple*, 92 F.4th 453, 455-56 (2d Cir. 2024). Plaintiffs may also rely upon materials outside the pleadings. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).

  Plaintiffs satisfy due process. First, Plaintiffs satisfy New York's long-arm statute, N.Y. C.P.L.R. 302(a)(1), because the PJ Defendants transacted business in New York, and Plaintiffs' claims arose from that business activity. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013). Second, Plaintiffs satisfy the requirements of the Clayton Act and Federal Rule of Civil Procedure 4 with respect to contacts with the United States. *See Schwab*, 22 F. 4th at 122-123 (finding specific jurisdiction under the Clayton Act); *Dardana Ltd. v. Yuganskneftegaz*, 317 F.3d 202, 207 (2d Cir. 2003) (under Rule 4, "a defendant sued under federal law may be subject to jurisdiction based on its contacts with the United States as a whole, when the defendant is not subject to personal jurisdiction in any state"); *Lensky v. Turk Hava Yollari, A.O.*, No. 21-2567-cv, 2023 WL 6173334, at *2 (2d Cir. Sept. 22, 2023). Third, the PJ Defendants' co-conspirator contacts with the United States and with New York allow personal jurisdiction over the PJ Defendants, even if the PJ Defendants lacked such contacts themselves. *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269-70 (2d Cir. 2023).

  The PJ Defendants include two corporate families. The first is Informa and its two subsidiaries: T&F Ltd., based in the UK; and Taylor and Francis Group, LLC, based in Florida. The second is WKNV and its subsidiary, Wolters Kluwer Health, Inc., based in Pennsylvania. The PJ Defendants criticize Plaintiffs for "lump[ing] together" each corporate family's relevant components. ECF No. 105 at 3. But that is exactly what the two corporate families do themselves, when they conduct their journal business throughout the United States and New York, and when they collude with their competitors through STM.

Informa is a large publishing and information company based in London that is worth $11.35 billion. Informa has over 100 offices across the globe. https://www.informa.com/contact-us/office-locator/?view=Map. Thirty-eight of these offices are in the United States, including three in Manhattan and one in Long Island. *Id.* Informa, in the course of its business, does not observe corporate distinctions between itself and its two relevant wholly-owned subsidiaries. Informa identifies "Taylor and Francis" as a "division" of Informa, explaining that this "division" is "one of the world's leading publishers[.]" https://www.informa.com/divisions/taylor-and-francis/. Informa's Taylor and Francis division is enormously profitable, with profit margins that exceed Apple or Google. Compl. ¶ 7. In 2023 alone, Informa made $739 million from its Taylor and Francis division. *Id.*

STM identifies "Taylor and Francis" as a "Regular Member," and explains that: "Taylor and Francis Group is the Academic Publishing Division of Informa." https://stm-assoc.org/who-we-are/stm-members/#T. The Informa logo next to this description reads: "Taylor & Francis Group: an Informa business." *Id.* The description provides a "CLICK HERE" box that leads visitors in the United States and New York who transact business with Taylor & Francis to Taylor & Francis's webpage, which includes a profile of Penny Ladkin-Brand, who is described as the "CEO of Taylor & Francis and a member of Informa's Senior Leadership team." https://taylorandfrancis.com/about/executive-leadership-team/penny-ladkin-brand/.

WKNV and Wolters Kluwer Health, Inc. are no different. Both hold themselves out to the world, and do business as, a single entity called "Wolters Kluwer." https://www.wolterskluwer.com/en. STM identifies "Wolters Kluwer Health" as a "Regular Member," explaining that the entity is a "Division" of Wolters Kluwer. https://stm-assoc.org/who-we-are/stm-members/#W. The accompanying logo simply reads: "Wolters Kluwer." *Id.* The "CLICK HERE" box links to "Wolters Kluwer's" website, which makes no distinction between WKNV and its subsidiary. https://www.wolterskluwer.com/en.

WKNV contends that it is nothing more than an empty holding company, conducting no business activity whatsoever. ECF No. 105 at 3. The facts, according to Wolters Kluwer itself, are very different. "Wolters Kluwer, headquartered in Alphen aan den Rijn, the Netherlands, reported 2023 annual revenues of €5.6 billion. The group serves customers in over 180 countries, maintains operations in over 40 countries, and employs approximately 21,400 people worldwide." https://www.wolterskluwer.com/en/about-us/organization. Its website says: "Find a Wolters Kluwer Office[:] With global headquarters in the Netherlands, Wolters Kluwer has offices all around the world." https://www.wolterskluwer.com/en/contact-us?compositeLink=%7B8B6D9790-777E-4EA6-8A2D-49AA4867660B%7D. Wolters Kluwer maintains over 40 offices throughout the United States, including 5 in New York, with an office in Manhattan. *Id.* The CEO and Chair of the Executive Board of "Wolters Kluwer" is Nancy McKinstry, who, before becoming CEO, "gained more than a decade of experience at Wolters Kluwer and its operating companies in North America. She previously served in leadership positions including CEO of Wolters Kluwer's operations in North America." https://www.wolterskluwer.com/en/experts/nancy-mckinstry.

Wolters Kluwer's participation in STM extends back decades. In 1994, STM published a "Story of STM" that identifies Herman Pabbruwe as Chairman of the Library Relations Committee and describes his affiliation as "Wolters Kluwer Academic Publishers, The

Netherlands." https://web.archive.org/web/20120715211809/https:/stm-assoc.org/2009_10_01_STM_Story_at_25.pdf. Pabbruwe's current LinkedIn profile states that he worked for "Wolters Kluwer Nederland B.V." from 1998 to 1999, among other relevant positions. https://www.linkedin.com/in/herman-pabbruwe-5418254/details/experience/.

The PJ Defendants' contentions here are thus completely inconsistent with how they operate their businesses and how they present themselves to the world. The truth is that both corporate families operate as single integrated enterprises that are members of STM, agreed to the Principles, helped create and maintain the alleged conspiracy, and own and operate the precise peer-reviewed journals at issue. The PJ Defendants' contacts with the United States and with New York are enormous and continuing, and those contacts give rise to Plaintiffs' claims.

The exercise of personal jurisdiction over the PJ Defendants is also clearly reasonable. First, there is minimal burden. Both corporate families have offices in New York City, and their European headquarters are one direct flight away. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002) (use of property in the state to conduct business weighs against burden); *In re Platinum*, 61 F.4th at 273 (burden factor offers "only weak support" because of modern communication and transportation) (citation omitted). Second, the forum and Plaintiffs have strong, aligned interests in enforcing the antitrust laws against companies that injure Americans. *In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 536 (S.D.N.Y. 2008). Third, it would be efficient and appropriate to adjudicate Plaintiffs' claims against all Defendants and co-conspirators in the same forum. Fourth, there are already three other foreign Defendants who do not contest jurisdiction, including two in the same country as WKNV (STM and Elsevier are also based in the Netherlands). Fifth, the alleged conspiracy resulted in the PJ Defendants taking billions of dollars in scientific funding away from research institutions in the United States, and pocketing it with their European parent companies. It is imminently fair and reasonable to expect that they would defend against these allegations in this forum, along with their co-conspirators who do not challenge jurisdiction.

Finally, the PJ Defendants provide no basis for dismissing this action without discovery. At the very least, the Court should permit jurisdictional discovery to proceed.[1] *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207-208 (2d Cir. 2003) (vacating and remanding the district court's decision to dismiss foreign defendant for lack of personal jurisdiction after finding the district court improperly denied plaintiffs the opportunity to engage in jurisdictional discovery); *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 70 (E.D.N.Y. 2006) (holding that jurisdictional discovery is appropriate where plaintiffs make "a sufficient start toward establishing personal jurisdiction") (citation omitted).

---

[1] Contrary to T&F Ltd.'s contention, ECF No. 105 at 1 n.2, T&F Ltd. did not provide "clear proof" that it "does not transact business." In fact, filings from T&F Ltd. show that it used to be called "Taylor & Francis Group plc." That entity was a member of STM. *See* https://web.archive.org/web/20000815110930/http://www.stm-assoc.org/. Plaintiffs followed up with counsel for both T&F Ltd. and WKNV, who said they would provide additional evidence in support of their assertions. They have not. Pursuing this further will require discovery.

Dated: March 4, 2025                    Respectfully submitted,


                                        By: */s/ Dean M. Harvey*

                                        Dean M. Harvey (*pro hac vice*)
                                        Jallé H. Dafa (*pro hac vice*)
                                        Benjamin A. Trouvais (*pro hac vice*)
                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                        275 Battery Street, 29th Floor
                                        San Francisco, CA 94111-3339
                                        Phone: (415) 956-1000
                                        Fax: (415) 956-1008
                                        dharvey@lchb.com
                                        jdafa@lchb.com
                                        btrouvais@lchb.com

                                        Emily N. Harwell (NY Bar # 5985585)
                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                        250 Hudson Street, 8th Floor
                                        New York, NY 10013
                                        Phone: (212) 355-9500
                                        Fax: (212) 355-9592
                                        eharwell@lchb.com

                                        Benjamin Elga (NY Bar # 5332861)
                                        Janet Herold (*pro hac vice*)
                                        JUSTICE CATALYST LAW
                                        40 Rector St
                                        New York, NY 10006
                                        Phone: (518) 732-6703
                                        belga@justicecatalyst.org
                                        jherold@justicecatalyst.org

                                        Roberta D. Liebenberg (*pro hac vice*)
                                        Gerard A. Dever (*pro hac vice*)
                                        Jeffrey B. Gittleman (*pro hac vice*)
                                        FINE, KAPLAN AND BLACK, R.P.C.
                                        One South Broad Street, 23rd Floor
                                        Philadelphia, PA 19107
                                        Phone: (215) 567-6565
                                        Fax: (215) 568-5872
                                        rliebenberg@finekaplan.com
                                        gdever@finekaplan.com
                                        jgittleman@finekaplan.com

Eric L. Cramer (*pro hac vice*)
Michael J. Kane (*pro hac vice*)
Joseph E. Samuel, Jr. (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
BERGER MONTAGUE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3009
ecramer@bm.net
mkane@bm.net
jsamuel@bm.net
pmadden@bm.net

Scott A. Martin (NY Bar # 2387843)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Phone: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

Steven F. Molo (NY Bar # 4221743)
Jennifer Schubert (NY Bar # 4921201)
Pratik Kumar Raj Ghosh (NY Bar # 5754940)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Phone: (212) 607-8160
Fax: (212) 607-8161
smolo@mololamken.com
jschubert@mololamken.com
prajghosh@mololamken.com

Eric Posner (*pro hac vice*)
MOLOLAMKEN LLP
300 North LaSalle Street
Chicago, IL 60654
Phone: (312) 450-6700
Fax: (312) 450-6701
eposner@mololamken.com

*Counsel for Plaintiffs and the Proposed Class*