# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. ELVISHA DHAMALA, DR. SHELLE FACENTE, DR. ROBERT MAHON, and DR. LUCINA UDDIN,<br><br>Plaintiffs,<br><br>v.<br><br>ELSEVIER, B.V., INFORMA PLC, INTERNATIONAL ASSOCIATION OF SCIENTIFIC, TECHNICAL, AND MEDICAL PUBLISHERS, JOHN WILEY & SONS, INC., SAGE PUBLICATIONS, INC., SPRINGER NATURE AG & CO. KGaA, TAYLOR & FRANCIS GROUP, LLC, TAYLOR & FRANCIS GROUP, LTD., WOLTERS KLUWER HEALTH INC., WOLTERS KLUWER N.V., and JOHN DOES 1 THROUGH 50,<br><br>Defendants. | Case No. 1:24-cv-06409-HG<br><br>ORAL ARGUMENT REQUESTED |

## MEMORANDUM OF LAW IN SUPPORT OF IMPROPERLY NAMED FOREIGN DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

LEGAL STANDARD............................................................................................................5

ARGUMENT ......................................................................................................................6

   I.   PLAINTIFFS FAIL TO ESTABLISH A STATUTORY BASIS FOR
        JURISDICTION ......................................................................................................7

      A.  Personal Jurisdiction Is Not Supported Under Section 12 of the Clayton Act. ...........7

      B.  New York's Long-Arm Statute Similarly Does Not Authorize Jurisdiction
          over the Foreign Defendants .........................................................................9

      C.  The Federal Rules of Civil Procedure Also Do Not Confer Personal
          Jurisdiction Over the Foreign Defendants .................................................10

  II.  EXERCISING JURISDICTION OVER THE FOREIGN DEFENDANTS
       WOULD BE INCONSISTENT WITH THE PRINCIPLES OF DUE PROCESS...........11

      A.  The Court Lacks General Jurisdiction Over the Foreign Defendants.........................12

          1.  Wolters Kluwer N.V. Is Not Subject to the General Jurisdiction of this Court.....13

          2.  The Court Lacks General Jurisdiction Over Informa PLC / T&F Ltd..................13

      B.  The Court Lacks Specific Jurisdiction over the Foreign Defendants for
          Purposes of Plaintiffs' Antitrust Claim.......................................................13

          1.  Specific Jurisdiction Does Not Attach to Plaintiff's Claims Against
              Wolters Kluwer N.V. .................................................................14

          2.  Neither Informa PLC nor T&F Ltd. are Subject to Specific Jurisdiction.............18

      C.  An Exercise of This Court's Jurisdiction over the Foreign Defendants Would
          Be Unreasonable. ...................................................................................21

  III. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY ..............23

CONCLUSION..................................................................................................................25

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Aluminum Warehousing Antitrust Litig.*,
  90 F. Supp. 3d 219 (S.D.N.Y. 2015)...................................................................6, 20

*Aquiline Cap. Partners LLC v. FinArch LLC*,
  861 F. Supp. 2d 378 (S.D.N.Y. 2012)........................................................10, 11, 15

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
  480 U.S. 102 (1987).................................................................................................21

*Aspen Speciality Ins. Co. v. RCI Hosp. Holdings, Inc.*,
  No. 20-CV-4308 (VSB), 2023 WL 4080550 (S.D.N.Y. June 20, 2023)................20

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007)....................................................................................10

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).................................................................................................12

*Charles Schwab Corp. v. Bank of Am. Corp.*,
  883 F.3d 68 (2d Cir. 2018).......................................................................................16

*City of Long Beach v. Total Gas & Power N. Am., Inc.*,
  465 F. Supp. 3d 416 (S.D.N.Y. 2020)..................................................................9, 20

*City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Sec. Corp.*,
  92 F.4th 381 (2d Cir. 2024) ......................................................................................6

*Cloplay Plastic Prods. Co. v. Excelsior Packaging Grp., Inc.*,
  No. 12-CV-5262 (JPO), 2014 WL 4473352 (S.D.N.Y. Sept. 11, 2014) ..................3

*Coast to Coast Energy, Inc. v. Gasarch*,
  53 N.Y.S.3d 16 (App. Div. 2017) .....................................................................17, 18

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)...........................................................................................12, 13

*Daniel v. Am. Bd. of Emergency Med.*,
  428 F.3d 408 (2d Cir. 2005)...................................................................................7, 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011).................................................................................................12

*Hanson v. Denckla*,
    357 U.S. 235 (1958)...................................................................................12

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984)..............................................................................11, 15

*Hutton v. Priddy's Auction Galleries, Inc.*,
    275 F. Supp. 2d 428 (S.D.N.Y. 2003)....................................................10

*Int'l Shoe Co. v. Wash., Off. of Unemployment Comp. & Placement*,
    326 U.S. 310 (1945)..............................................................................11, 23

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011).................................................................................12

*Jazini v. Nissan Motor Co.*,
    148 F.3d 181 (2d Cir. 1998)............................................................ *passim*

*JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.*,
    828 F. App'x 740 (2d Cir. 2020) .......................................................13, 14

*Laborers Loc. 17 Health & Benefit Fund v. Philip Morris, Inc.*,
    26 F. Supp. 2d 593 (S.D.N.Y. 1998)......................................................22

*LaSalle Nat'l Bank v. Vitro, Sociedad Anonima*,
    85 F. Supp. 2d 857 (N.D. Ill. 2000) .......................................................20

*Mende v. Milestone Tech., Inc.*,
    269 F. Supp. 2d 246 (S.D.N.Y. 2003).......................................................6

*Nasso v. Seagal*,
    263 F. Supp. 2d 596 (E.D.N.Y. 2003) ....................................................23

*Porina v. Marward Shipping Co.*,
    521 F.3d 122 (2d Cir. 2008)....................................................................10

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ................................................................21

*In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*,
    230 F. Supp. 2d 403 (S.D.N.Y. 2002)................................................16, 24

*Sound Around Inc. v. Shenzhen Keenray Innovations Ltd.*,
    No. 22-CV-06943 (HG), 2023 WL 4163115 (E.D.N.Y. June 23, 2023)...................................5

*In re SSA Bonds Antitrust Litig.*,
    420 F. Supp. 3d 219 (S.D.N.Y. 2019).......................................................8

*Study Logic, LLC. v. Farmer Bros. Co.*,
No. 18-CV-1645 (RJD), 2019 WL 3412114 (E.D.N.Y. July 29, 2019) ...................................5

*Stutts v. De Dietrich Grp.*,
465 F. Supp. 2d 156 (E.D.N.Y. 2006) ....................................................................................23

*Tansey v. Cochlear Ltd.*,
No. No. 13-CV-4628 (SJF), 2014 WL 4829453 (E.D.N.Y. Sept. 26, 2014) ..........................21

*In re Terrorist Attacks on Sept. 11, 2001*,
714 F.3d 659 (2d Cir. 2013)...................................................................................................13

*In re Terrorist Attacks on Sept. 11, 2011*,
538 F.3d 71 (2d Cir. 2008)......................................................................................................23

*Ticketmaster-New York, Inc. v. Alioto*,
26 F.3d 201 (1st Cir. 1994).....................................................................................................21

*United States v. Scophony Corp. of Am.*,
333 U.S. 795 (1948).................................................................................................................9

*Walden v. Fiore*,
571 U.S. 277 (2014).........................................................................................................14, 15

*Waldman* v. *Palestine Liberation Org.*,
835 F.3d 317 (2d Cir. 2016).....................................................................................................6

*Wallace Church & Co. v. Wyattzier, LLC*,
No. 1:20-cv-01914-CM, 2020 WL 4369850 (S.D.N.Y. July 30, 2020) ................................12

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)...............................................................................................................11

*In re Zinc Antitrust Litig.*,
155 F. Supp. 3d 337 (S.D.N.Y. 2016)...............................................................................14, 18

**Statutes**

15 U.S.C. § 22...........................................................................................................................7

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Informa PLC, Taylor & Francis Group, Ltd. ("T&F Ltd."), and Wolters Kluwer N.V., (collectively, the "Foreign Defendants") hereby submit this memorandum of law, and the accompanying Declarations of Maarten C. Thompson ("Thompson Decl.") and Rupert Hopley ("Hopley Decl.") in support of their Motion to Dismiss Plaintiffs' Amended Class Action Complaint ("Am. Compl.") for lack of personal jurisdiction.

## INTRODUCTION

This dispute should have been resolved without the Court needing to intervene. Counsel for the Foreign Defendants each provided information to counsel for Plaintiffs identifying entities over which this Court has jurisdiction—and Plaintiffs named those entities in the Amended Complaint. By contrast, the Foreign Defendants have no contacts with the United States of America, much less with this District. Indeed, the Foreign Defendants are either holding companies that transact no business in the United States, or dormant companies that transact no business at all. By definition, the Foreign Defendants thus lack both (i) any connection to the District, such as operations or locations within the District, and (ii) minimum contacts with this District.

The only connection any Foreign Defendant has with the United States is that some, but not even all, have one or more subsidiaries who do business in the United States (T&F Ltd. does not even have subsidiaries). But courts do not have personal jurisdiction over a company merely by virtue of a subsidiary of that company doing business in their districts. Rather, for a court to have personal jurisdiction over a company on that basis, the plaintiff would need to allege facts to show that the U.S.-based subsidiaries were operating not as subsidiaries but as alter egos of the

parent companies. The Plaintiffs here offer no factual allegations to support any such claim—nor could they, as the declarations submitted with this motion make clear.

Plaintiffs have therefore failed to allege facts even raising the possibility of personal jurisdiction over the Foreign Defendants, and dismissal is appropriate under Rule 12(b)(2).

## **BACKGROUND**

Plaintiffs allege a conspiracy by six publishers of scholarly journals and the International Association of Scientific, Technical and Medical Publishers ("STM"), a trade association for scholarly journal publishers. Am. Compl. ¶¶ 11, 39. The alleged scheme, according to Plaintiffs, "restrict[s] competition for academic articles" (*id.* ¶ 136) that are ultimately published by "peer-reviewed journals" and "artificially deflate[d]" peer review pay (*id.* ¶¶ 123, 137) in the United States.[1]

Despite Plaintiffs' focus on the United States, the Amended Complaint is devoid of factual allegations that plausibly establish that the Foreign Defendants have sufficient contacts with the United States or this District. Indeed, factual allegations regarding the Foreign Defendants themselves—as opposed to U.S. subsidiaries or affiliates—are all but non-existent in the Amended Complaint.

***Wolters Kluwer N.V.*** Plaintiffs include only a single paragraph in the Amended Complaint regarding Wolters Kluwer N.V. and its U.S.-based subsidiary, Wolters Kluwer Health, Inc.[2] Plaintiffs allege that "Wolters Kluwer Health, Inc. ***and*** Wolters Kluwer N.V. publish scholarly

---

[1] Wolters Kluwer N.V., Informa PLC, and T&F Ltd. each join the Defendants' Joint Motion to Dismiss the Amended Complaint, which establishes that Plaintiffs' Amended Complaint fails to state a plausible Sherman Act claim.

[2] Wolters Kluwer Health, Inc. does not dispute personal jurisdiction, and thus does not join this motion—but does join the Defendants' jointly filed Motion to Dismiss under Rule 12(b)(6).

articles in journals they own," that "Wolters Kluwer N.V.'s principal place of business is located at Zuidpoolsingel 2, 2408 ZE Alphen aan den Rijn, The Netherlands," and that "Wolters Kluwer Health, Inc. and Wolters Kluwer N.V. also have offices throughout the United States, including an office located at 28 Liberty Street, New York, NY 10005." Am. Compl. ¶ 25. Plaintiffs briefly state that Wolters Kluwer Health, Inc. "is a wholly-owned subsidiary of Wolters Kluwer N.V. and is part of Wolters Kluwer N.V.'s academic publishing division," (*id.*), and that the collective entity defined as "Wolters Kluwer" "joined STM in or before 1994 and has remained an active member of STM." *Id*. Aside from this single paragraph, the Amended Complaint conflates Wolters Kluwer N.V. and Wolters Kluwer Health, Inc., defining the entities collectively as "Wolters Kluwer," and never again alleges specific facts against Wolters Kluwer N.V. *See id.* ¶¶ 40, 45, 54, 96, 102, 108.

Plaintiffs rely on paragraph 25's passing reference to the corporate relationship between Wolters Kluwer N.V. and Wolters Kluwer Health, Inc. to try to establish personal jurisdiction over Wolters Kluwer N.V. Amongst other things, however, Plaintiffs never allege that Wolters Kluwer N.V. controlled or directed Wolters Kluwer Health, Inc.'s actions, that Wolters Kluwer N.V. was a member of STM, or that Wolters Kluwer N.V. directly publishes scholarly journals. Similarly, Plaintiffs have not alleged that Wolters Kluwer N.V. has any operations or employees in the United States, or took any steps to further the alleged conspiracy.

The Declaration of Maarten C. Thompson, submitted alongside this memorandum, further refutes Plaintiffs' assertion that Wolters Kluwer N.V.'s is subject to the personal jurisdiction of this Court.[3] As that declaration makes clear, Wolters Kluwer N.V. is a distinct legal entity from

---

[3] The Court can consider the Foreign Defendants' affidavits without converting the motion to dismiss for lack of personal jurisdiction into a motion for summary judgment. *See Cloplay Plastic Prods. Co. v. Excelsior Packaging Grp., Inc.,* No. 12-CV-5262 (JPO), 2014 WL 4473352,

Wolters Kluwer Health, Inc.  *See generally* Thompson Decl. Wolters Kluwer N.V. is a publicly traded company that is incorporated under the laws of the Netherlands, where it is also headquartered and has its principal place of business.  Thompson Decl. ¶¶ 4, 11.  It is not incorporated or registered to do business in New York or in any other state in the United States.  *Id*. ¶¶ 7–8.  It does not have a physical office or regular place of business in the United States.  *Id*. ¶ 9.  And it does not have any United States employees.  *Id*. ¶ 6.

Indeed, Wolters Kluwer N.V. is primarily a holding company with minimal day-to-day operations, all of which are entrusted to Wolter Kluwer N.V.'s executive board.  *Id*. ¶¶ 5, 10.  It does not contract with peer reviewers or own academic journals.  *Id*. ¶¶ 12, 13.  It keeps its own books and records, has its own board of directors, and properly observes formalities according to the Dutch laws under which it is organized.  *Id*. ¶¶ 4, 10.

***Informa PLC, and the Taylor & Francis Entities.***  Similarly, Plaintiffs lump Informa PLC and T&F Ltd. (two U.K.-based companies) with their U.S.-based affiliate Taylor & Francis Group LLC ("Taylor & Francis LLC").[4]  Plaintiffs' Amended Complaint alleges correctly that both Informa PLC and T&F Ltd. are U.K. entities who each have their principal place of business in the U.K.  Am. Compl.  ¶ 24.  But the Amended Complaint identifies no connection to New York or the United States for Informa PLC and T&F Ltd.  Neither T&F Ltd. nor Informa PLC is incorporated in New York or the United States, nor does either have any offices or conduct any business there.  Hopley Decl. ¶¶ 2, 10–18, 25–30; *see also* Am. Compl. ¶ 24 (identifying U.S.-

---

at *1 (S.D.N.Y. Sept. 11, 2014) ("Additionally, because a motion to dismiss for lack of personal jurisdiction requires the resolution of factual issues outside the pleadings, the [c]ourt considers other relevant submissions from the parties at this stage.").

[4]    Taylor & Francis LLC does not dispute personal jurisdiction, and thus does not join this motion—but does join the Defendants' jointly filed Motion to Dismiss under Rule 12(b)(6).

based offices of Taylor & Francis LLC). Indeed, Taylor & Francis LLC, the U.S. entity, is not even a subsidiary of T&F Ltd.—the two companies are, at most, affiliated companies. Hopley Decl. ¶¶ 21, 31.

As the Amended Complaint recognizes, T&F Ltd. (in the U.K.) and Taylor & Francis LLC (in the U.S.) are both ultimately wholly owned by Informa PLC. However, as the Hopley Declaration provides, each of these three entities maintain corporate separateness, and are distinct entities. Informa PLC, T&F Ltd., and Taylor & Francis LLC each maintain their own corporate records, have their own directors, and observe corporate formalities as provided under U.K. and U.S. laws. *See* Hopley Decl. ¶¶ 5–9, 23, 24, 34–36.

T&F Ltd. is a dormant U.K. entity that has no employees—and has had none since at least 2006. *Id.* ¶¶ 19, 22. Informa PLC similarly has no employees, and generates no independent trading revenue (as it is merely the holding company for the Informa group of companies and its shares are publicly traded on the London Stock Exchange). *Id.* ¶¶ 2–4, 15. And, as the Amended Complaint implicitly recognizes, Informa PLC does not publish scholarly articles; those operations are handled by subsidiaries operating separately. *Id.* ¶¶ 4, 5, 12.

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction" over each defendant. *Study Logic, LLC. v. Farmer Bros. Co.*, No. 18-CV-1645 (RJD), 2019 WL 3412114, at *1 (E.D.N.Y. July 29, 2019) (Dearie, J.) (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). Personal jurisdiction must be established as to each defendant and for each claim. *See, e.g.*, *Sound Around Inc. v. Shenzhen Keenray Innovations Ltd.*, No. 22-CV-06943 (HG), 2023 WL 4163115, at *2 (E.D.N.Y. June 23, 2023) (Gonzalez, J.).

5

At the pleading stage, Plaintiffs must make a *prima facie* showing of jurisdiction by alleging facts sufficient to demonstrate that jurisdiction is proper. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). A complaint that only alleges "mere 'labels and conclusions,' or 'naked assertions' absent 'further factual enhancement'" will not suffice at the pleading stage. *City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Sec. Corp.*, 92 F.4th 381, 390 (2d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, a plaintiff must allege sufficient facts to establish personal jurisdiction exists over a non-resident defendant. *See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

Personal jurisdiction requires that there be a "statutory basis for personal jurisdiction that renders . . . service of process effective" and also that "the exercise of personal jurisdiction . . . comport with constitutional due process principles." *Waldman* v. *Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012)). First, a court will assess if the state's long-arm statute or some other statute allows that court to exercise personal jurisdiction. *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219, 224 (S.D.N.Y. 2015). If the long-arm statute or other statutory basis permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the principles of due process. *Id.* at 225. To assess if personal jurisdiction comports with the principles of due process, the court will look to whether the defendant has the requisite "minimum contacts" with the forum and whether the exercise of personal jurisdiction is "reasonable." *Id.* at 224–25.

## ARGUMENT

It is hard to conceive of a stronger argument under Rule 12(b)(2) than is available to the Foreign Defendants here. At the most basic level, a court cannot have personal jurisdiction over

6

a foreign defendant when that defendant (a) cannot be found within the district, and (b) does no business in the district. Here, the Foreign Defendants have no contacts with this District, one Foreign Defendant does no business at all (as it is dormant), and the other Foreign Defendants do not transact business in the United States. The Foreign Defendants thus have nothing approaching the minimal contacts required for personal jurisdiction to attach.

Plaintiffs can only overcome this fundamental failing in their Amended Complaint, if at all, by showing that the U.S. subsidiaries of the Foreign Defendants, if any, are effectively alter egos of those Foreign Defendants. But even putting aside the Foreign Defendant that does not even have a U.S. subsidiary (T&F Ltd.), the Amended Complaint is devoid of allegations that could come close to the high bar for piercing the corporate veil. The Amended Complaint therefore fails to allege personal jurisdiction over the Foreign Defendants, and dismissal of those defendants is appropriate.

## I.    PLAINTIFFS FAIL TO ESTABLISH A STATUTORY BASIS FOR JURISDICTION

### A.    Personal Jurisdiction Is Not Supported Under Section 12 of the Clayton Act.

Plaintiffs' have suggested that each Foreign Defendant "satisf[ies] the requirements of the Clayton Act . . . with respect to contacts with the United States." ECF No. 108 ("Resp. Ltr.") at 1. Presumably Plaintiffs intend to argue that satisfying Section 12 of the Clayton Act's "nationwide" service of process provision could establish personal jurisdiction over the Foreign Defendants. But to establish personal jurisdiction under the Clayton Act, Plaintiffs must establish that Section 12's venue provision is satisfied. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 427 (2d Cir. 2005) ("[W]e are obliged to conclude that its service of process provision can properly confer personal jurisdiction over a defendant 'only when the action is brought in the district where the

defendant resides, is found, or transacts business,' that is, the district where Section 12 venue lies." (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2005)). As enumerated in the statute, the venue provision requires that the defendant be an "inhabitant" of the judicial district where suit is brought, be "found" there, or "transacts business" there. 15 U.S.C. § 22. None of Informa PLC, T&F Ltd. or Wolters Kluwer N.V. are "inhabitants" of New York, nor can they be "found" in New York or said to "transact business" in New York.

To be an "inhabitant" of a forum, courts look to the corporation's place of incorporation. *See In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d 219, 230 & n.4 (S.D.N.Y. 2019) ("For a corporation, 'inhabitant' means its place of incorporation."). Wolters Kluwer N.V. is incorporated in the Netherlands and operates under the laws of the Netherlands. Thompson Decl. ¶ 4. Informa PLC and T&F Ltd. are incorporated in the United Kingdom and operate under its laws to the extent that they operate at all. Hopley Decl. ¶¶ 2, 17. (As noted, T&F Ltd. is dormant, and does not operate—although, if it did, it would be under U.K. law.) None of these entities are "inhabitants" of New York, or for that matter any other part of the United States.

Similarly, to be "found" within a forum, a corporation must participate in "continuous local activities" such as holding an office or having employees within the forum. *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d at 230 & n.5 (quotation marks omitted); *see also Daniel*, 428 F. 3d at 428–30. Plaintiffs incorrectly allege that Wolters Kluwer N.V. has an office in New York (Am. Compl. ¶ 25), but Wolters Kluwer N.V. does not have offices or employees in the United States, let alone New York. Thompson Decl. ¶¶ 6–9. As to Informa PLC and T&F Ltd., the Amended Complaint recognizes that only Taylor & Francis LLC has offices in the United States. Am. Compl. ¶ 24 (identifying Taylor & Francis LLC offices in the U.S.). Informa PLC and T&F Ltd. do not have offices or employees in the United States. Hopley Decl. ¶¶ 3, 11, 22, 25. None

8

of the Foreign Defendants can therefore be "found" in New York, or the United States more broadly.

When a defendant is not an "inhabitant" of or "found" in the forum, a plaintiff must establish, at minimum, that the defendant "transacts business" in the forum. The Supreme Court has recognized that transacting business means "[t]he practical, everyday business or commercial concept of doing or carrying on business of any substantial character." *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948) (quotation marks omitted). Courts in this Circuit routinely have found that this requires continuity that rises to "more than a few isolated and peripheral contacts with the particular judicial district." *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 433 (S.D.N.Y. 2020) (cleaned up). Here, Plaintiffs offer no basis to believe any of the Foreign Defendants transacted business in New York. Indeed, the Amended Complaint contains no allegations of the Foreign Defendants doing any business in the United States at all. And, in fact, the Foreign Defendants cannot be said to be "transacting business" in any meaningful way in *any* forum; they are either dormant (T&F Ltd.) or ultimate parent companies that transact business only through subsidiaries. Hopley Decl. ¶¶ 3–5, 19, 26; Thompson Decl. ¶¶ 5–6, 12–13; *see also infra* Section II.B.

Plaintiffs have offered no plausible allegation that the Foreign Defendants are "inhabitants" of, "found" in, or "transact business" in this forum, and personal jurisdiction under Section 12 of the Clayton Act is accordingly improper.

### B.    New York's Long-Arm Statute Similarly Does Not Authorize Jurisdiction over the Foreign Defendants

When personal jurisdiction is not available under the Clayton Act, courts look to the state's long-arm statute. Similar to an analysis of whether Section 12 of the Clayton Act applies, in

applying New York's long-arm statute "New York courts have cautioned . . . that defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct **substantial** business activities.  Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact." *Hutton v. Priddy's Auction Galleries, Inc.*, 275 F. Supp. 2d 428, 439 (S.D.N.Y. 2003) (cleaned up) (emphasis added).  In New York, a plaintiff may thus only exercise "personal jurisdiction over a non-domicilary if two conditions are met: first, the non-domicilary must 'transact business' within the state; second, the claims against the non-domicilary must arise out of that business activity." *Aquiline Cap. Partners LLC v. FinArch LLC,* 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012) (citation omitted).  A "suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York."  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (citation omitted).

But, again, the problem remains the same: the Foreign Defendants do not transact any business in New York, or indeed the United States.  They therefore cannot be subject to the New York long arm statute under New York law.  There is thus no personal jurisdiction over the Foreign Defendants under either the Clayton Act or New York's long-arm statute.

### C.    The Federal Rules of Civil Procedure Also Do Not Confer Personal Jurisdiction Over the Foreign Defendants

In certain cases, a defendant may also be subject to jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure where the "defendant is not subject to jurisdiction in any state's courts of general jurisdiction."  However, the application of that Rule requires that the exercise of jurisdiction comply with due process.  *Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d

Cir. 2008) ("the exercise of jurisdiction [under Rule 4(k)(2)] must be 'consistent with the United States Constitution and laws'").  As discussed below, the exercising personal jurisdiction over the Foreign Defendants would not comport with Constitutional Due Process.

Plaintiffs have therefore not plausibly alleged that any statute or Rule would confer jurisdiction over Foreign Defendants and, as such, personal jurisdiction is not present.

## II.  EXERCISING JURISDICTION OVER THE FOREIGN DEFENDANTS WOULD BE INCONSISTENT WITH THE PRINCIPLES OF DUE PROCESS

The Court should also dismiss the claims against the Foreign Defendants in this action because Plaintiffs failed to plausibly allege that the Foreign Defendants have "certain minimum contacts with [New York] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" under the U.S. Constitution.  *Int'l Shoe Co. v. Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citation omitted).  The Due Process Clause forbids personal jurisdiction over a non-resident defendant that does not have minimum contacts with a state or where the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *id.* (cleaned up).  A plaintiff must "satisfy its burden [to establish jurisdiction] with respect to each defendant separately." *Aquiline Cap. Partners LLC,* 861 F. Supp. 2d at 385.

Minimum contacts may be proven through (1) specific jurisdiction; or (2) general jurisdiction.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). Additionally, to be subject to the jurisdiction of a State, it must be "foreseeable" that a defendant's actions within the State would subject a defendant to the jurisdiction of that State.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such

that he should reasonably anticipate being haled into court there.").  The unilateral activities of a subsidiary are not enough to satisfy contact with a state such that the non-resident parent entity could "reasonably anticipate" litigation within the state; instead the non-resident parent entity must "purposefully avail" itself of the benefits and protections of laws of the State.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.").  This requirement that a defendant "purposefully avail" ensures that a defendant is not haled into a state solely as a result of "attenuated" contacts or as a result of the "unilateral activity of another party."  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985) (cleaned up).

Plaintiffs cannot establish either specific or general jurisdiction over the Foreign Defendants, and requiring them to defend themselves in this forum would violate Due Process.

### A.    The Court Lacks General Jurisdiction Over the Foreign Defendants

To establish general jurisdiction, plaintiffs must show that the defendant possesses "continuous and systematic general business contacts" with the forum.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 929 (2011).  When determining if a defendant does business within New York, the Court must be able to say from the facts pled that the "defendant is present in [New York] not occasionally or casually, but with a fair measure of permanence and continuity."  *Wallace Church & Co. v. Wyattzier, LLC*, No. 1:20-cv-01914-CM, 2020 WL 4369850, at *4 (S.D.N.Y. July 30, 2020) (citation omitted).  A court may similarly assert general jurisdiction over an entity based on where it is headquartered or where it is organized, such that it is "at home."  *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 879–81 (2011).  And entities that "operate primarily outside [New

12

York] have a due process right not to be subjected to judgment in its courts as a general matter." *Id*. at 881.

1.    **Wolters Kluwer N.V. Is Not Subject to the General Jurisdiction of this Court**

Plaintiffs concede that Wolters Kluwer N.V.'s principal place of business is located in the Netherlands.  Am. Compl. ¶ 25.  Only in an "exceptional case" can an entity be considered "at home" in another location. *Daimler*, 571 U.S. at 139 n.19.  Wolters Kluwer, N.V. is primarily a holding company that is incorporated, headquartered, and has its principal place of business in the Netherlands. Thompson Decl. ¶¶ 4–5.  Plaintiffs do not allege any facts to elevate this as an "exceptional case" where Wolters Kluwer N.V. would be considered "at home" in New York or even in the United States.  Thus, Plaintiffs are unable to establish a *prima facie* showing of general jurisdiction.

2.    **The Court Lacks General Jurisdiction Over Informa PLC / T&F Ltd.**

Plaintiffs' Amended Complaint likewise fails to allege facts to establish this Court's general jurisdiction over Informa PLC or T&F Ltd.  Neither company's place of incorporation or principal place of business is New York—both are incorporated in the U.K.  Hopley Decl. ¶¶ 2, 10–12, 17–18, 25–27.  Nor have Plaintiffs alleged any facts making plausible that Informa PLC or T&F Ltd. have such systematic (or indeed any) contacts with New York or the United States that general jurisdiction applies.

B.    **The Court Lacks Specific Jurisdiction over the Foreign Defendants for Purposes of Plaintiffs' Antitrust Claim**

Plaintiffs similarly fail to establish that the Foreign Defendants are subject to "specific" jurisdiction which exists where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those

13

activities." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013) (citation omitted); *see also JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.*, 828 F. App'x 740, 743 (2d Cir. 2020); *Walden v. Fiore*, 571 U.S. 277, 283–84, n.6 (2014) (holding that a plaintiff must show "an affiliation between the forum and the underlying controversy" that "arise[s] out of the contacts that [each] defendant himself creates with the forum." (cleaned up)).  Here, the Amended Complaint is devoid of factual allegations that any of the Foreign Defendants engaged in any action related to this case, and much less that any such hypothetical actions would have been specifically directed at New York.

### 1.    Specific Jurisdiction Does Not Attach to Plaintiff's Claims Against Wolters Kluwer N.V.

The Amended Complaint makes broad conclusory allegations that Wolters Kluwer N.V. has an office in New York (Am. Compl. ¶ 25) (which is factually incorrect and rebutted by the Thompson Declaration), but does not assert any specific conduct against Wolters Kluwer N.V. in New York or the United States.  It is unclear, based on the Amended Complaint, how Wolters Kluwer N.V. could have expressly aimed its conduct at the forum, let alone participated in an unsubstantiated conspiracy, without ever having transacted business that relates to the allegations of the Amended Complaint.  *JCorps Int'l, Inc.*, 828 F. App'x at 743.  In fact, Wolters Kluwer N.V. is a holding company with minimal day to day operations. Thompson Decl. ¶ 5.  The company does not earn any commercial revenue separate from its various subsidiaries.  *Id.* ¶ 6.

In an attempt to skirt their burden and plead specific facts against Wolters Kluwer N.V. to establish that the company "purposefully directed" its actions at the forum state or how those actions furthered the alleged conspiracy, Plaintiffs broadly group the Wolters Kluwer N.V. and Wolters Kluwer Health, Inc. entities under the umbrella of "Wolters Kluwer" and never distinguish

14

which allegations apply to each entity, as is required at this stage. *In re Zinc Antitrust Litig.,* 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) ("*Twombly* makes clear that at the pleading stage . . . each defendant is entitled to know how he is alleged to have conspired, with whom and for what purpose. Mere generalizations as to any particular defendant—or even defendants as a group— are insufficient." (internal citations omitted)).

Specific jurisdiction can only exist when the alleged injury at-issue "arise[s] out of or relate[s] to" a defendant's forum-specific activities. *Helicopteros*, 466 U.S. at 414; *see also Aquiline Cap. Partners LLC,* 861 F. Supp. 2d at 386 (holding that in New York personal jurisdiction is proper only if a "nondomicilary" transacts business within the state, and "the claims against the nondomicilary [*sic*] . . . arise out of that business activity." (citation omitted)). Here, Plaintiffs allege that Wolters Kluwer N.V. "either directly or through the ownership and/or control of its subsidiaries: (a) ***transacted business*** throughout the United States, including in this District; (b) ***transacted for the publication of articles in peer-reviewed journals and labor associated with peer review*** throughout the United States and in this District." Am. Compl. ¶ 13 (emphasis added). But, as made clear in the Thompson Declaration, Wolters Kluwer N.V. does not contract with any entities for the publication of articles in peer-reviewed journals throughout the United States, does not contract with any entities for the labor associated with peer-review, and does not conduct business of any kind in New York.

Understanding that Plaintiffs could not establish that Wolters Kluwer N.V. directly transacted business within New York, let alone transacted business related to the allegations of the Amended Complaint, Plaintiffs seem to purport that Wolters Kluwer N.V. was transacting business in New York "through the ownership and/or control of its subsidiaries." Am. Compl. ¶ 13. Although the Supreme Court has repeatedly held that jurisdiction exists only where the plaintiffs'

15

claims "arise out of contacts that the 'defendant himself' creates with the forum," *Walden*, 571 U.S. at 277 (emphasis omitted), courts have recognized limited exceptions permitting the contacts of agents within a forum state to be attributed to another defendant. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 84–88 (2d Cir. 2018). However, the mere existence of a parent-subsidiary relationship is insufficient to confer jurisdiction over a foreign parent. *See Jazini,* 148 F.3d at 184. Instead, personal jurisdiction may be asserted over a foreign parent entity only where the plaintiff establishes that the domestic subsidiary: (1) is a "mere department" of the foreign corporation, or (2) acts as an "agent" of the foreign corporation. *Id.* at 184–86. Plaintiffs' vague and conclusory allegations that the actions alleged in the Amended Complaint are also attributable to foreign parent entities "through the ownership and/or control of its subsidiaries" will not suffice. Am. Compl. ¶ 13.

To determine if a subsidiary is a "mere department" of the parent, courts will assess how much control a parent has over a subsidiary's day-to-day operations and if that control is "pervasive enough that the corporate separation is more formal than real." *See In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 410 (S.D.N.Y. 2002) (citation omitted). There are four factors courts in this district look to when assessing if a subsidiary is a "mere department": (1) common ownership; (2) financial dependency of the subsidiary on the parent; (3) the degree to which the parent interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities, and (4) the degree of control the parent exercises over the marketing and operational policies of the subsidiary. *Jazini,* 148 F.3d at 185 (citation omitted). Wolters Kluwer N.V., a Dutch corporation incorporated under the laws of the Netherlands, is the ultimate parent entity of Wolters Kluwer Health, Inc., a separate legal entity incorporated in Delaware. Thompson Decl. ¶¶ 4, 10. Wolters Kluwer N.V. is primarily a holding

company and does not manage or control the day-to-day activities of Wolters Kluwer Health, Inc. *Id*. ¶ 5.  Wolters Kluwer N.V. does not have offices in the United States and has its own facilities, officers, and employees separate from those of Wolters Kluwer Health, Inc. *Id*. ¶¶ 6–9, 12–13. Wolters Kluwer Health, Inc. generates its own independent revenue that is separate from Wolters Kluwer N.V. *Id*. ¶¶ 6, 10.  Additionally, Wolters Kluwer N.V. maintains its own financial books and records and observes all of the formalities and requirements for corporate separateness and independence as established by its bylaws. *Id.* ¶¶ 4, 5, 10–11.  As none of the facts that typically support a finding that a subsidiary is a "mere department" of a foreign parent are present, Plaintiffs cannot establish personal jurisdiction over Wolters Kluwer N.V. under a "mere department" theory.

The remaining question is whether Wolters Kluwer Health, Inc. acts as an "agent" of Wolters Kluwer N.V. such that personal jurisdiction would be proper under the agency relationship.  Agency status is afforded when a plaintiff shows that the subsidiary "does all the business which [the foreign parent corporation] could do were it here by its own officials." *Jazini,* 148 F.3d at 184 (citation omitted). "To establish that a defendant acted through an agent, a plaintiff must 'convince the court that [the New York actors] engaged in purposeful activities in this State in relation to [the] transaction for the benefit of and with the knowledge and consent of [the defendant] and that [the defendant] exercised some control over [the New York actors].'" *Coast to Coast Energy, Inc. v. Gasarch,* 53 N.Y.S.3d 16, 19 (App. Div. 2017) (alterations in original) (citation omitted).  The "allegations must sufficiently detail the defendant's conduct so as to persuade a court that the [foreign] defendant was a primary actor in the specific matter in question; control cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation." *Id.* (cleaned up).

17

Plaintiffs have not pled facts to establish that Wolters Kluwer N.V. was the primary actor in question. Wolters Kluwer N.V. does not publish scholarly journals, does not contract with authors or peer reviewers, and is not a member of STM. Thompson Decl. ¶¶ 12–13. Where two entities are truly separate and Plaintiff cannot establish control by a parent over its subsidiary, as is the case here, an agency relationship cannot be established. *Coast to Coast Energy*, 53 N.Y.S.3d at 19.

Plaintiffs have not met their burden of plausibly alleging that Wolters Kluwer N.V. has purposefully availed itself of the benefits of doing business with New York requiring the Court to assert specific personal jurisdiction over the company. Similarly, Plaintiffs have not plausibly alleged that Wolters Kluwer Health, Inc. was a "mere department" or agent of Wolters Kluwer N.V. that would warrant this Court to assert personal jurisdiction over Wolters Kluwer N.V.

### 2.    Neither Informa PLC nor T&F Ltd. are Subject to Specific Jurisdiction

Plaintiffs' claims against Informa PLC and T&F Ltd. fare no better. Like with its allegations as to Wolters Kluwer, N.V., Plaintiffs' allegations as to Informa PLC and T&F Ltd. are nothing more than lumping together these two entities with Taylor & Francis LLC under a single definition of "Taylor & Francis." Am. Compl. ¶ 24. The Amended Complaint makes no effort to delineate what acts were specifically taken by which company—much less whether any of the alleged acts were undertaken by Informa PLC or T&F Ltd., or whether any such alleged acts would have been directed toward this District if they had been alleged. Simply put, the Amended Complaint does not allege any facts plausibly suggesting that Informa PLC or T&F Ltd. ever transacted any business, entered any contract, or maintained any presence in New York or the

18

United States, and Plaintiffs' undifferentiated pleading is insufficient to establish specific jurisdiction as required for due process. *See Zinc*, 155 F. Supp. 3d at 384.

Plaintiffs' prior letter briefing suggests they may argue that because Informa PLC, T&F Ltd. and Taylor & Francis LLC are part of the same "corporate family" that any acts or contacts of any of these entities can be imputed to one another. *See* Resp. Ltr. at 1–2. Though Plaintiffs do not state whether they are contending these entities are "mere departments" of one another, acting as agents, or if they are positing another theory, Plaintiffs would be incorrect on all accounts. Each of these entities are corporately separate and Plaintiffs plead no facts to suggest otherwise. *See Jazini*, 148 F.3d at 184–85 (rejecting claim that a subsidiary was a "'mere department' of the parent" where allegations failed to establish "pervasive control over the subsidiary"). As the Hopley Declaration establishes, each of Informa PLC, T&F Ltd., and Taylor & Francis LLC maintain their own books and records, have their own executives and officers, and operate separately on a day-to-day basis. *See* Hopley Decl. ¶¶ 4–9, 17–24, 31–36. And Plaintiffs allege no facts to establish which "Taylor & Francis" entity engaged in any of the underlying, purportedly unlawful acts, let alone allege facts to establish that any such entity was acting as an agent for Informa PLC or T&F Ltd. *See Jazini,* 148 F.3d at 184.

Indeed, T&F Ltd. is not even a parent company for Taylor & Francis LLC., the U.S. entity, and in fact has no subsidiaries, much less subsidiaries in the United States. Hopley Decl. ¶¶ 21, 31. Defendants are aware of no authority for the proposition that an entity with no subsidiaries in the United States can nonetheless be subject to personal jurisdiction in the United States based on the presence of an affiliate in the same corporate family—i.e., not a subsidiary, or a parent, but rather simply another company owned (at some level) by the same corporate parent. Any claim of specific jurisdiction over T&F Ltd. therefore fails to get off the starting line.

As to Informa PLC, Plaintiffs generally cite to the fact that Informa PLC's website identifies global locations of its operating subsidiaries, including in Manhattan and Long Island. Resp. Ltr. at 2. But as the Amended Complaint itself acknowledges—confirmed by the Hopley Declaration—those offices are not leased or owned by Informa PLC, but rather other corporately separate entities. Am. Compl. ¶ 24 (identifying that Taylor & Francis LLC maintains an office in Manhattan); Hopley Decl. ¶¶ 11, 25 (identifying that neither Informa PLC nor T&F Ltd. maintain any offices in the United States). That Informa PLC maintains a website where it refers to "Taylor & Francis" as a division says nothing about Informa PLC's purported control over its subsidiaries. *See LaSalle Nat'l Bank v. Vitro, Sociedad Anonima*, 85 F. Supp. 2d 857, 865 (N.D. Ill. 2000) (rejecting claim that general website statements "provide evidence of what control [a parent] has over its subsidiaries").

Plaintiffs also "say[] virtually nothing about the management of the defendants, explain[] only minimally their relationships with each other, and do[] not detail what role, if any, [Informa PLC] played in [Taylor & Francis LLC's] operations." *City of Long Beach*, 465 F. Supp. 3d at 438. Plaintiffs plead no facts suggesting that Informa PLC, the ultimate holding company, exerted control over its subsidiaries in a manner "beyond that normally exercised by boards of directors," such as by "interfer[ing] in the selection and assignment of the subsidiary's executive personnel." *Aspen Speciality Ins. Co. v. RCI Hosp. Holdings, Inc.*, No. 20-CV-4308 (VSB), 2023 WL 4080550, at *4–5 (S.D.N.Y. June 20, 2023) (citation omitted).

Taylor & Francis LLC—the only at-issue entity named in the Amended Complaint with any connection to the United States—leases facilities, maintains its books/accounting records, enters into contracts, and maintains its own executives, officers, and boards of directors separately from Informa PLC and T&F Ltd. Hopley Decl. ¶¶ 8, 31–36. In sum, Taylor & Francis LLC

20

operates its day-to-day business separately from Informa PLC and T&F Ltd.  *Id.* ¶¶ 5, 35.  As a result, Plaintiffs provide no basis to impute any of Taylor & Francis LLC's contacts with the forum to Informa PLC.  *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d at 238 (granting motions to dismiss where plaintiffs failed to properly allege parent companies' contacts with forum or establish lack of corporates separateness); *Tansey v. Cochlear Ltd.*, No. No. 13-CV-4628 (SJF), 2014 WL 4829453, at *4 (E.D.N.Y. Sept. 26, 2014).

All told, neither Informa PLC nor T&F Ltd. "direct [] routine day-to-day operations," of any subsidiary or affiliate in the United States, "and nothing suggests the entities failed to observe their separate corporate formalities."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1075 (9th Cir. 2015).  There is therefore no basis on which to conclude that either Informa PLC or T&F Ltd. is operating in the United States in the form of the U.S. entity named in this case—Taylor & Francis LLC.  The court thus lacks personal jurisdiction over these foreign defendants under a specific jurisdiction theory.

**C.    An Exercise of This Court's Jurisdiction over the Foreign Defendants Would Be Unreasonable**

Even if Plaintiffs could show that the Foreign Defendants were subject to general or specific personal jurisdiction (they have not), the Court should nonetheless dismiss the Foreign Defendants because the exercise of personal jurisdiction is unreasonable in this circumstance.  "The reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction."  *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).  This "reasonableness" analysis focuses on a five-factor test: (1) the burden on the defendant; (2) the interests of the forum; (3) the interests of the plaintiffs in obtaining convenient

and effective relief; (4) the efficient administration of justice; and (5) whether any substantive social policies would be served by permitting the case to be heard in plaintiffs' chosen forum. *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987).

Plaintiffs have not pled facts plausibly suggesting that asserting personal jurisdiction over the Foreign Defendants would be reasonable. *See Laborers Loc. 17 Health & Benefit Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 598–99 (S.D.N.Y. 1998) ("Even if a defendant has 'minimum contacts' with the state, a court also must consider whether the assertion of jurisdiction 'comports with traditional notions of fair play and substantial justice—that is, whether it is reasonable under the circumstances of a particular case.'" (citation omitted)). Each of Wolters Kluwer N.V., Informa PLC and T&F Ltd. have minimal or no day-to-day business.[5] Hopley Decl. ¶¶ 3–9, 19, 22, 26; Thompson Decl. ¶¶ 5–6, 10. Wolters Kluwer N.V. is based in the Netherlands and Informa PLC and T&F Ltd. are based in the U.K., and defending a case in New York would be burdensome. *See Laborers Loc. 17*, 26 F. Supp. 2d at 598–99 (finding exercising of jurisdiction would be unreasonable where defendant's "officers, records and employees are located in the United Kingdom" and plaintiff failed to explain why defendant "is a necessary party to [the] lawsuit where the actual [parties at issue] are before the Court"). Additionally, this forum and Plaintiffs would not be prejudiced if the Foreign Defendants were dismissed. The allegations in the Amended Complaint relate to conduct throughout the United States, and not specific acts within New York, thus the interest of the forum is not specific to acts alleged in the Amended Complaint. Similarly, counsel for the Foreign Defendants each respectively provided Plaintiffs

---

[5] It is further unclear how Plaintiffs would take discovery of entities with no employees and no operations, such as T&F Ltd.

with information related to other entities to name in this proceeding.[6]  The efficient administration

of justice favors dismissing these foreign entities with no contacts to this forum and allowing the

case to proceed with the U.S.-based companies.  Finally, policy interests favor dismissal of an

improperly named foreign entity to prevent Plaintiffs from subjecting any foreign entity to the

jurisdiction of this forum merely based on a corporation relationship which would offend

"traditional notions of fair play and substantial justice."  *Int'l Shoe Co.,* 326 U.S. at 316 (citation

omitted).

## III.    PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY

Plaintiffs have failed to allege that the Foreign Defendants are subject to the personal

jurisdiction of this Court and any request by Plaintiffs for jurisdictional discovery should be

denied.  The Second Circuit routinely reject requests for jurisdictional discovery where plaintiffs'

allegations are insufficient to make out a *prima facie* showing of jurisdiction.  *See*, *e.g.*, *Jazini*, 148

F.3d at 185–86 (finding that the district court did not err in denying jurisdictional discovery where

plaintiffs failed to establish a *prima facie* case of jurisdiction); *see also In re Terrorist Attacks on*

*Sept. 11, 2011*, 538 F.3d 71, 96 (2d Cir. 2008) (*abrogated on other grounds*) (citing *Jazini*, 148

F.3d at 186); *Stutts v. De Dietrich Grp.*, 465 F. Supp. 2d 156, 159–60, 169 (E.D.N.Y. 2006)

(granting defendant's motion to dismiss and denying plaintiffs' motion for order for jurisdictional

discovery as plaintiffs' "lone" and "insufficient allegation[]"—*i.e.,* that the defendant was "a Swiss

---

[6] The Foreign Defendants and their U.S. affiliates, Wolters Kluwer Health, Inc. and Taylor & Francis Group, LLC, do not agree that any of these companies participated in any alleged conspiracy, and on that basis do not agree that they should be defendants in this case—but the named U.S. affiliates do agree that the Court has personal jurisdiction with respect to them.

company that does business in New York"—"failed to establish a *prima facie* case of jurisdiction" over the defendant).

Plaintiffs are not entitled to conduct a fishing expedition at the expense of the Foreign Defendants if they cannot sufficiently plead jurisdiction in the first instance. Plaintiffs who submit pleadings that fail to establish basic facts to assert jurisdiction cannot avoid dismissal relying on the hope that evidence *may* be obtained during jurisdictional discovery to support a claim of personal jurisdiction. *See Jazini*, 148 F.3d at 185–86; *see also Nasso v. Seagal*, 263 F. Supp. 2d 596, 615 n.31 (E.D.N.Y. 2003) (denying plaintiff's request for jurisdictional discovery "because he has not made a *prima facie* showing of jurisdiction and has not identified the factual issues on which he seeks discovery"); *In re Ski Train Fire*, 230 F. Supp. 2d at 412 ("Because plaintiffs have failed to make out a prima facie case for this Court's exercise of personal jurisdiction . . . they are not entitled to discovery.").

In *Jazini*, the court held that it could not permit plaintiffs that make "conclusory non-fact-specific jurisdictional allegations" to "obtain extensive discovery on that issue" as it would subject federal courts to significant, unnecessary burden. *Jazini*, 148 F.3d at 185–86. Further, the *Jazini* court recognized that plaintiffs may face significant burden when making the required *prima facie* showing of jurisdiction in the absence of discovery but there are clear and settled rules for establishing jurisdiction over foreign entities, and such difficulties are "the consequence of the problems inherent in attempting to sue a foreign corporation that has carefully structured its business so as to separate itself from the operation of its wholly-owned subsidiaries . . . as it properly may do." *Id.* at 186.

Conclusory statements alleging jurisdiction without more specificity are not enough to establish a *prima facie* showing of jurisdiction and do not rise to the threshold permitting

jurisdictional discovery, otherwise "it would not be difficult for a plaintiff suing a multinational foreign corporation in the federal courts . . . to make similar conclusory, non-fact-specific allegations and thus obtain extensive discovery on that issue" and unduly burden the court with unnecessary discovery disputes premised on insufficient facts required to establish a threshold argument to assert jurisdiction. *Id.* at 185. Any request for jurisdictional discovery should therefore be denied.

<u>**CONCLUSION**</u>

For the reasons set forth above and the additional reasons set forth in Defendants' Joint Motion to Dismiss the Amended Complaint, the Foreign Defendants respectfully submit that they are not subject to the personal jurisdiction of this Court and requests that the Court grant their motion to dismiss Plaintiffs' Amended Class Action Complaint with prejudice and deny any request for jurisdictional discovery.

DATED: May 5, 2025                        Respectfully submitted,
       New York, NY


WHITE & CASE LLP                          SIDLEY AUSTIN LLP

*/s/ Robert A. Milne*                      */s/ Benjamin R. Nagin*
Robert A. Milne                            Benjamin R. Nagin
Jack E. Pace III                           SIDLEY AUSTIN LLP
Bryan Gant                                 787 Seventh Avenue
Daniel J. Grossbaum                        New York, NY 10019
WHITE & CASE LLP                           Tel: (212) 839-5911
1221 Avenue of the Americas                Fax: (212) 839-5599
New York, NY 10020                         bnagin@sidley.com
Tel.: (212) 819-8200
Fax: (212) 354-8113                        Carrie Mahan (admitted *pro hac vice*)
rmilne@whitecase.com                       S. Nicole Booth (admitted *pro hac vice*)
jpace@whitecase.com                        1501 K Street, N.W.
bgant@whitecase.com                        Washington, D.C. 20005
dan.grossbaum@whitecase.com                (202) 736 8000
                                           carrie.mahan@sidley.com
                                           nicole.booth@sidley.com
*Attorneys for Defendants Informa PLC,*
*Taylor & Francis Group LLC, and Taylor*    *Attorneys for Defendants Wolters Kluwer N.V.*
*& Francis Group, Ltd.*                      *and Wolters Kluwer Health, Inc.*