**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. ELVISHA DHAMALA, DR. SHELLEY FACENTE, DR. ROBERT MAHON, and DR. LUCINA UDDIN, | Case No. 1:24-cv-06409-HG |
| Plaintiffs, | |
| v. | **[PROPOSED] JOINT STIPULATED PROTECTIVE ORDER** |
| ELSEVIER B.V., WOLTERS KLUWER N.V., JOHN WILEY & SONS, INC., SAGE PUBLICATIONS, INC., TAYLOR & FRANCIS GROUP, LTD., SPRINGER NATURE AG & CO. KGaA, INTERNATIONAL ASSOCIATION OF SCIENTIFIC, TECHNICAL, AND MEDICAL PUBLISHERS, and JOHN DOES 1 THROUGH 50, | |
| Defendants. | |

## I.    **PURPOSE**

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, non-public, competitively or commercially sensitive, personal, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties hereby stipulate to and request that this Court issue the following Protective Order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule" or "Rules").

## II.    **DEFINITIONS**

1.    **"Action"** refers to the above-captioned litigation.

2.    **"Counsel"** (without a qualifier) is Outside Counsel and In-House Counsel.

3.    **"Designating Party"** is any Party or non-Party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.    **"Discovery Material"** (or "Material") includes all information exchanged between the Parties, whether gathered through informal requests or communications between the Parties or their counsel or gathered through formal discovery conducted pursuant to Rules 30 through 36 and 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

5.    **"In-House Counsel"** is attorneys and other personnel employed by a Party to perform legal functions as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

6.    **"Outside Counsel"** is attorneys, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators,

who are not employees of a Party but who are retained to represent or advise a Party in this Action.

7. **"Party"** (plural, "Parties") is any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of record.

8. **"Personal Data"** is any Discovery Material that a Party believes in good faith to be personally identifiable information or subject to federal, state, or foreign data protection laws or other privacy obligations, including, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq.; The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CPR Part 160 and Subparts A and E of Part 164; the California Consumer Privacy Act (California Civil Code, § 1798.100), Regulation 2016/679 of the European Parliament and of the Council of 27 April 2016 (General Data Protection Regulation), the UK General Data Protection Regulation (as defined under the UK Data Protection Act 2018), Personal Information Protection Law and the Data Security Law (Chinese data protection laws), Australian Federal Privacy Act 1988 (Cth); Australian Privacy Principles; The Act on the Protection of Personal Information of Japan; the India Digital Personal Data Protection Act 2023; Personal Data Protection Act of Malaysia; the Personal Data Protection Act 2012 of Singapore.

9. **"Privileged Material"** is Discovery Material protected from disclosure under the attorney-client privilege, the work-product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity.

10.     **"Producing Party"** is a Party to this Action, or a non-Party either acting on a Party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

11.     **"Protected Material"** means any document, transcript, or discovery response that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order.

12.     **"Receiving Party"** is a Party to this Action that receives Discovery Material from a Producing Party in this Action.

## III.   SCOPE

1.     This Order applies to and governs the use, production, storage, handling, and disclosure of all Discovery Materials produced or supplied by any Producing Party to any Receiving Party. This Order is binding upon the Parties in this Action, as well as their respective attorneys, agents, representatives, directors, officers, employees, retained experts, Outside Counsel (and their support staff) and any non-Parties as applicable and as set forth in this Order. This Order is subject to the Local Rules of this District, the Court's Individual Practices, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     The restrictions in this Order shall not apply to documents or information that are publicly available or that any Party obtains independently outside the scope of formal or informal discovery in this Action from a person lawfully in possession of those documents or information.

3.     Nothing in this Protective Order shall affect any right of a Party or a non-Party to make any otherwise proper type of objection, claim, or response to discovery requests (including, without limitation, interrogatories, requests for admission, requests for production, or questions at deposition).

4.     This Protective Order shall not be construed as a waiver by any Party or non-Party of any applicable privilege to withhold production of Discovery Material, or of any right, which any Party or non-Party may have to assert such privilege at any stage in this Action.

5.     Except as required by law, or a Court order, all Protected Material shall be used solely for this Action or any related appellate proceeding, and not for any other purpose whatsoever.

6.     This Order does not preclude any Party or non-Party from moving the Court for additional protection of any Discovery Material or modification of this Order, including, without limitation, moving for an order that certain material not be produced at all.

7.     Nothing contained in this Order will affect or restrict the rights of any Party or non-Party with respect to its own documents or information produced in this Action.

## IV.     CONFIDENTIALITY DESIGNATIONS

Each Party and any non-Party shall have the right to designate any Discovery Material as subject to this Order, by marking such Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

This Protective Order applies to all Protected Material produced or obtained in this case.

## V.     CONFIDENTIAL DISCOVERY MATERIAL

For the purposes of this Order, Discovery Material marked "CONFIDENTIAL" shall include, but is not limited to:

1.     Commercial information relating to any Designating Party's business including, but not limited to, tax data, financial information, internal audit practices, procedures, and outcomes, profit/loss information, and/or product or service pricing or billing agreements or guidelines;

2.      Employment records of the Designating Party's employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

3.      Records restricted or prohibited from disclosure by statute;

4.      Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying Discovery Material; and

5.      Any information that qualifies for protection under Rule 26(c).

## VI.      **HIGHLY CONFIDENTIAL DISCOVERY MATERIAL**

For the purposes of this Protective Order, Discovery Material marked "HIGHLY CONFIDENTIAL" shall include, but is not limited to: any Confidential Discovery Material, or any portion thereof, which a Designating Party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business, competitors, customers or other third parties would cause injury to the business, commercial, competitive, or financial interests of the Producing Party or non-Party; and/or (iv) is subject to restrictions on disclosure under any statute, law, or regulation, including US, UK, EU, or other foreign law.

By way of example only, Highly Confidential information may include but is not limited to:

1.      Current or future business or competitive position of the Designating Party, including, but not limited to, financial or business plans or projections, current or future margin, cost or pricing information, proposed strategic transactions or other business combinations, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, product development information, and/or confidential project-related information;

2.      Board of directors' materials and presentations that contain commercial information described in Section VI.1 above;

3.      Personal Data of any natural persons that is contained within the Discovery Materials;

4.      Medical or mental health information;

5.      Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a Party and a non-Party; and

6.      Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying Discovery Material.

If required by applicable privacy laws or data-protection law, "HIGHLY CONFIDENTIAL" may also include personnel or other files that are designated as such for purposes of this litigation.

## VII.    MANNER OF CONFIDENTIALITY DESIGNATIONS

A Designating Party shall affix a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

1.      For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix a legend with the "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," designation to each page that contains Protected Material in a manner that does not interfere with the legibility of the document.

2.      If only a portion or portions of the information on a document page qualifies for protection, the Designating Party should clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins), unless such an approach would be unduly burdensome.

3.      If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," the Designating Party shall indicate such designation with a cover sheet to be inserted before the material.

4.      For files produced in native format, production of a slipsheet bearing the respective confidential stamp, or including the designation in the file name, constitutes sufficient designation of the file as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and will be treated as such by the Receiving Party.

5.      Unless the Parties agree otherwise on the record at the time the deposition testimony is taken as set forth in this Paragraph, all deposition testimony taken in this case and the information included in that testimony (including exhibits) shall be treated as "HIGHLY CONFIDENTIAL" for a period of 30 days after the deposition. No later than the 30th day after the deposition, the Designating Party may serve a Notice of Designation to the Parties of record and the court reporter for the deposition in question as to specific pages and lines of the transcript and exhibits that are designated "CONFIDENTIAL," or "HIGHLY

CONFIDENTIAL," and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Exhibits marked at the deposition and not otherwise designated in a Notice of Designation shall carry their original confidentiality designation. After the receipt of any errata, the Party which noticed the deposition shall request the court reporter to provide a revised final copy of the transcript that reflects any designations of pages of the transcript as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," in the lower left-hand corner of each designate page.

6.      If a Producing Party discovers that it produced material that was not designated as Protected Material, the Producing Party may promptly notify all Receiving Parties of the error in writing and identify (by production number) the affected material and its new designation. Thereafter, the material so designated shall be treated as Protected Material in conformity with the new designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party will replace the incorrectly designated material and will destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Protected Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Protected Material promptly and to avoid any further disclosure. If corrected, an inadvertent failure to designate information or documents as Protected Material does not waive the Producing Party's right to secure protection under this Order for such material.

**VIII.   <u>REDACTIONS</u>**

1.      <u>Privilege Redactions</u>:  Any Producing Party may redact from any Discovery Material any Privileged Material.

2.      Personal Data Redactions: Any Producing Party may redact from any Discovery

Material any Personal Data that the Producing Party claims in good faith is required to be

redacted under any federal, state or foreign data protection laws or other privacy obligations.

Any redactions of Personal Data shall be marked "Personal Data."  The Producing Party shall

preserve an unredacted version of each such Discovery Material.  Personal Data shall be redacted

from any public filing not filed under seal.

## IX.      TIMING OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DESIGNATION

1.      Except as otherwise stipulated or ordered, or where discovery is made available

for inspection before it is formally disclosed, Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.

2.      If the Designating Party responds to discovery by making Discovery Material

available for inspection, the Designating Party need not affix confidential designations until after

the Receiving Party has selected the material it wants to receive.  During the inspection and

before the designation, all material made available for inspection is deemed confidential.  After

the Receiving Party has identified the Discovery Material it wants produced, the Designating

Party must determine which materials, or portions thereof, qualify for protection under this

Order, and designate the materials as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," as

required under this Order.

## X.      QUALIFIED RECIPIENTS

Except as otherwise authorized by this Order, information designated as

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," pursuant to this Order shall not be

disclosed to any person other than the individuals set forth below (hereinafter "Qualified

Recipient") and only in the manner described below.

1. For the purposes of this Protective Order, the persons authorized to receive Discovery Material designated "CONFIDENTIAL" are:

a) The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives, including In-House counsel, of the Parties;

b) Named class representatives, provided that such "CONFIDENTIAL" information is contained in or attached to a court filing, or disclosure is otherwise reasonably necessary for named class representatives to carry out their duties to the class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Outside Counsel representing the Parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

d) Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness but only to the extent reasonably related to the anticipated subject matter of the witness's deposition or other testimony for this Action; provided, however, that witnesses shall not retain a copy of Protected Material, except deposition witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; after the deposition witness reviews the transcript, the witness must return or destroy the Protected Material if it was not produced or designated by the witness;

e) An author, addressee or recipient of Protected Material, or any other natural person who reviewed or had access to such Protected Material during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the Protected Material or its accompanying metadata (not including a person who received the document in the course of litigation); provided, however, that: (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the person is not permitted to retain copies of the Protected Material; and (iii) the person is explicitly informed by Outside Counsel that this Order forbids him or her to disclose the Protected Material except as permitted under this Order, and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

f) A potential witness and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action not otherwise authorized to view the Protected Material in question;

g) Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the information in the Discovery Material, and the staff and assistants employed by the consulting or testifying experts;

h) Contractors who are specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents and discovery technicians;

i) Any mediator or arbitrator retained by the Parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

j) The Parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

k) Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

l) The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors;

m) Any auditor or regulator of a Party entitled to review the Protected Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes; and

n) A witness designated pursuant to Fed. R. Civ. P. 30(b)(6) and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action not otherwise authorized to view the Protected Material in question.

2.      Qualified Recipients authorized to receive Discovery Material designated "HIGHLY CONFIDENTIAL" include persons described in Section X.1(c)-X.1(n) above, or other persons authorized by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld. To the extent that "HIGHLY CONFIDENTIAL" Material is disclosed under this Paragraph to any natural person who is a former employee of the Producing or Designating Party, it may only be done provided that the former employee at the time of the disclosure is not

employed by, an agent of, or otherwise affiliated with a competitor or customer of the Producing or Designating Party.

3.      Any disclosure permitted by this Section (Section X) may be made only to the extent reasonably necessary to prosecute or defend this Action.

4.      *Absent Class Members*.  Any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this Action.  If, however, Protected Material is contained within a filing with the Court pursuant to the terms of this Order, such filing may be disclosed to counsel for the Absent Class Member for purposes of evaluating any settlement affecting the Absent Class Member, provided that such counsel, if any, and the Absent Class Member have executed a copy of the Agreement attached hereto as Appendix A.

5.      Notwithstanding any other provision of this Order, there shall be a presumption that complaints, answers, and memoranda of law made in support of or opposition to dispositive motions involving claims brought by or against a Party may be provided, in unredacted form, to owners, officers, directors, and In-House counsel of such Party who have responsibilities for overseeing or managing the litigation.  Before such persons are provided access to unredacted versions of documents covered by this Section that have been filed under seal pursuant to the terms of this Order, such persons must first execute a copy of the Agreement attached hereto as Appendix A. Any person seeking to prevent above-referenced persons associated with Parties form obtaining unredacted versions of complaints, answers, or memoranda of law made in support or opposition to dispositive motions must make a motion to obtain an order within (5) five business days after such material has been filed under seal. While any such motion is

pending, then, as to any Protected Material that is subject of the motion, the Parties shall abide by all terms of this Order.

## XI. DISSEMINATION BY THE RECEIVING PARTY

1. Before receiving Protected Material, each Qualified Recipient who is not included in Section X.1(a), (c), (j)-(k) above, shall: (i) review and agree to the terms of this Protective Order and (ii) execute a copy of the Agreement attached hereto as Appendix A.

2. Counsel for the Party that obtains the signed Exhibit A, as required above, shall retain them for six months following the final termination of this Action, including any appeals, and shall make them available to other Parties, non-Parties or the Court upon good cause shown.

3. The prohibition on disclosing Protected Material exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Agreement attached hereto as Appendix A.

## XII. LIMITATIONS ON USE

Protected Material shall be held in confidence by each Receiving Party and Qualified Recipient to whom it is disclosed, shall be used only for purposes of the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action, and shall not be disclosed to any person who is not a Qualified Recipient. Documents produced in this litigation shall be maintained in a distinct database, separate from any other documents, including those produced by a Producing Party in a separate litigation. Except as required by law, or Court order, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation, action or proceeding. Nothing herein prevents disclosure beyond the terms of this Protective Order if the Party claiming confidentiality consents in writing to such disclosure.

## XIII.  **DATA SECURITY**

1.      The Receiving Party shall maintain any Protected Material that is provided under this Order in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, or dissemination of such Protected Material as is exercised by the Receiving Party with respect to its own proprietary information.

2.      Any person in possession of Protected Material shall maintain a written information security program that includes appropriate administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Material, protect against any reasonably anticipated threats or hazards to the security of such Protected Material, and protect against unauthorized access to Protected Material.  To the extent a Party or person does not have an information security program, they may comply with this provision by having the Protected Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

3.      If a Receiving Party or Qualified Recipient discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or Qualified Recipient shall: (i) promptly provide written notice of such loss or breach to the Producing Party; (ii) investigate and make reasonable efforts to remediate the effects of the loss or breach, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such loss or breach shall not recur; and (iii) provide sufficient information about the breach to enable that the Producing Party can reasonably ascertain the size and scope of the breach.  The Receiving Party or Qualified Recipient agrees to cooperate with the Producing Party or law enforcement in investigating any such incident.  In any event, the Receiving Party or Qualified Recipient shall

promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## XIV.  ARTIFICIAL INTELLIGENCE

1.     Discovery Material, including Protected Material, shall not be submitted to any open generative artificial intelligence ("AI") tool (e.g. ChatGPT) or any substantially similar tool that is available to the public.  Providing Protected Material to an open AI tool is considered unauthorized disclosure and is strictly prohibited.

2.     Before a Receiving Party submits any Discovery Material to a closed generative AI tool, the Receiving Party shall ensure that the tool is not accessible to the public, is used in a secure, controlled environment only for purposes of this Action, and gives the Receiving Party the capability to delete all Discovery Material from the tool at the close of the Action.  The Receiving Party will be responsible for destroying such produced information from such tools at the end of the Action.

## XV.  DOCKET FILINGS

1.     All documents and materials filed on the Court's docket that contain Personal Data or Protected Material that has not been redacted, including, inter alia, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings which are comprised of or contain Personal Data or information taken therefrom, shall be filed under seal.

2.     A Party or non-Party seeking to file documents containing Personal Data or Protected Material under seal must comply with the rules and electronic docketing procedures for filing motions for leave to file under seal pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the Court's Individual Practices.

3.      In the event a challenge is made to the sealing or redaction of filed documents containing Protected Material, it shall be the burden of the Designating Party (not the Party who filed the documents under seal, if a different Party) to defend that sealing or redaction.

## XVI.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS AND REDACTIONS

1.      <u>Timing of Challenges</u>: Any Party may challenge a designation of confidentiality or a redaction at any time.  Unless a prompt challenge to a Producing Party's confidentiality designation or redaction is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2.      <u>Meet and Confer</u>: A Receiving Party that questions the Designating Party's confidentiality designation will, as an initial step, contact the Designating Party and confer in good faith to resolve the dispute.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice (unless otherwise agreed to by the Parties).

3.      <u>Court Intervention</u>: If the Parties are unable to resolve the dispute without court intervention, the challenging Party may apply to the Court for a determination as to whether the designation or redaction is appropriate.  Applications to the Court for an order relating to Protected Materials shall be by motion made by the challenging Party.  If such a motion or application is made, the Designating Party may respond, and all Discovery Material so designated shall maintain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status pending a determination by the Court as to its appropriate status. The Party that designated the discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or applied the redaction bears the burden of proving it was properly designated or redacted.  The Party challenging a

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation or redaction must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

## XVII. CHALLENGES BY MEMBERS OF THE PUBLIC TO SEALING ORDERS

If an interested member of the public challenges the sealing of particular documents that have been filed under seal, the Designating Party will have the burden of demonstrating the propriety of filing under seal.

## XVIII. FINAL DISPOSITION RETURN OR DESTRUCTION OF DOCUMENTS

1.     This Action shall be deemed finally terminated after both (i) final judgment as to all Parties, and (ii) the completion and exhaustion of all appeals, or the period within which to appeal has expired as to all Parties.

2.     Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within 60 calendar days after the final termination of this Action, including all appeals, each Party shall make reasonable efforts to destroy all Protected Material. The Receiving Party shall notify the Producing Party when destruction under this provision is complete.  If a Party is unable to destroy all Protected Material, that material shall be returned to the Producing Party or the Producing Party's counsel. Parties are not obligated to return or destroy attorney work product that refers or relates to Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" so long as that work product does not duplicate verbatim substantial portions of Protected Materials. Parties may also retain one complete set of all (i) documents filed with the Court including those filed under seal, (ii) deposition transcripts and exhibits, and (iii) discovery materials served and disclosed as between the Parties, such as, but not limited to, interrogatories, expert reports, and objections and responses to discovery.  Any retained Protected Materials shall continue to be protected under this Order.

3.      This Protective Order shall survive the final termination of this Action, and it shall be binding on the Parties and their legal counsel in the future.  This Court shall have continuing jurisdiction for enforcement of this Order following termination of this Action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel for each Designating Party or by an Order of the Court for good cause shown.

## XIX.   MODIFICATION

This Protective Order is entered without prejudice to the right of any Party to ask the Court to order additional protective provisions, including, but not limited to, other protections necessary to produce Personal Data or to comply with federal, state, or foreign data protection laws or other non-disclosure obligations, or to modify, relax or rescind any restrictions imposed by this Protective Order.  Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

## XX.   ADDITIONAL PARTIES TO LITIGATION

In the event additional Parties are joined in this Action, they shall not have access to Protected Material until the newly joined Party, by its counsel, has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Protective Order.

## XXI.  NON-PARTY DISCOVERY

1.      The Parties in conducting discovery from non-Parties shall attach this Order to a copy of any subpoena or other discovery request.  To the extent subpoenas are sent before the entry of this Order, copies of the Order will be provided to the subpoena recipients within five (5) days of the entry of the Order.  Non-Parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

2.      With respect to any subpoena served in accordance with Rule 45, any Party

serving a subpoena in this Action will promptly provide, within 30 business days of production, the other Parties with a copy of all material produced by the non-Party in response to the subpoena (including a copy of the non-Party's written responses or objections, if any). If the Party serving the subpoena is unable to provide the other Parties with a copy of all materials produced by the non-Party within 30 business days, the Party serving the subpoena shall immediately notify the other Parties in writing.

## XXII.  INADVERTENT DISCLOSURE OF PROTECTED DISCOVERY MATERIAL

1.      The inadvertent, unintentional, or in camera disclosure of Protected Material shall not generally be deemed a waiver, in whole or in part, of any Party's privilege, protection from discovery or claims of confidentiality in this Action or any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d).  Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, or other protected Discovery Material (including metadata) for relevance, responsiveness and/or segregation of Privileged Material or Personal Data or other protected information before production.

2.      In order to claw back Privileged Material or Personal Data that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

3.      Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material or Personal Data that was produced for any reason, whether inadvertent or otherwise, the Receiving Party shall "promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it

before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved." Fed. R. Civ. P. 26(b)(5)(B).

4.      For the avoidance of doubt, Personal Data does not need to be logged.

## XXIII. VIOLATIONS OF PROTECTIVE ORDER AND JURISDICTION

In the event that any person or Party should violate the terms of this Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or Party violating or threatening to violate any of the terms of this Order. In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

## XXV. NOTICE OF SUBPOENA OR OTHER LEGAL PROCESS

In the event that any Receiving Party receives a subpoena or other legal process that, in the view of counsel for the Receiving Party, would require the disclosure of any Protected Materials under this order, the Receiving Party must notify the Designating Party of such need for disclosure such that the Designating Party has sufficient time to object to such disclosure. The Receiving Party shall cooperate with the Designating Party to ensure that the Producing Party has the opportunity to object to such disclosure as it may deem appropriate. Such cooperation shall include, but is not limited to, securing extension of any deadlines that may require disclosure as may be necessary. Such cooperation does not include any obligation on the Receiving Party to justify the confidential nature of the Protected Materials, the burden of which shall remain with the Designating Party.

**PLAINTIFFS**

By: /s/ *Dean M. Harvey*

Dean M. Harvey (admitted *pro hac vice*)
Jallé H. Dafa (admitted *pro hac vice*)
Benjamin A. Trouvais (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
dharvey@lchb.com
jdafa@lchb.com
btrouvais@lchb.com

Emily N. Harwell (NY Bar # 5985585)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500
Fax: (212) 355-9592
eharwell@lchb.com

Benjamin D. Elga (NY Bar # 5332861)
Janet Herold (admitted *pro hac vice*)
JUSTICE CATALYST LAW
40 Rector Street
New York, NY 10006
Phone: (518) 732-6703
belga@justicecatalyst.org
jherold@justicecatalyst.org

Steven F. Molo (NY Bar # 4221743)
Jennifer Schubert (NY Bar # 4921201)
Pratik Kumar Raj Ghosh (NY Bar # 5754940)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Phone: (212) 607-8160
Fax: (212) 607-8161
smolo@mololamken.com
jschubert@mololamken.com
prajghosh@mololamken.com

**DEFENDANTS**

By: /s/ *C. Lawrence Malm*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
C. Lawrence Malm
D. Bruce Hoffman
Kenneth Reinker
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3229
T: 202-974-1500
F: 202-974-1999
bhoffman@cgsh.com
kreinker@cgsh.com
lmalm@cgsh.com

*Counsel for Defendant Springer Nature AG*
*& Co. KGaA*

CRAVATH, SWAINE & MOORE LLP

/s/ *Gary A. Bornstein*
Gary A. Bornstein
Andrew C. Finch
Sharonmoyee Goswami
Jesse M. Weiss
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000
gbornstein@cravath.com
afinch@cravath.com
sgoswami@cravath.com
jweiss@cravath.com

*Counsel for Defendant Elsevier B.V.*

SIDLEY AUSTIN LLP

/s/ *Benjamin R. Nagin*
Benjamin R. Nagin
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
bnagin@sidley.com

Eric Posner (*pro hac vice*)
MOLOLAMKEN LLP
300 North LaSalle Street
Chicago, IL 60654
Phone: (312) 450-6700
Fax: (312) 450-6701
eposner@mololamken.com

Roberta D. Liebenberg (*pro hac vice*)
Gerard A. Dever (*pro hac vice*)
Jeffrey B. Gittleman (*pro hac vice*)
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Phone: (215) 567-6565
Fax: (215) 568-5872
rliebenberg@finekaplan.com
gdever@finekaplan.com
jgittleman@finekaplan.com

Eric L. Cramer (*pro hac vice*)
Michael J. Kane (*pro hac vice*)
Joseph E. Samuel, Jr. (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
BERGER MONTAGUE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3009
ecramer@bm.net
mkane@bm.net
jsamuel@bm.net
pmadden@bm.net

Scott A. Martin (NY Bar # 2387843)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Phone: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

*Counsel for Plaintiffs and the Proposed Class*

Carrie Mahan
S. Nicole Booth
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
carrie.mahan@sidley.com
nicole.booth@sidley.com

*Counsel for Defendant Wolters Kluwer N.V.*

ARNOLD & PORTER KAYE
SCHOLER LLP

/s/ *C. Scott Lent*
C. Scott Lent
Esther Ha Yoon Sohn
Leah J. Harrell (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Fax: (212) 836-8689
scott.lent@arnoldporter.com
esther.sohn@arnoldporter.com
leah.harrell@arnoldporter.com

Matthew Tabas (admitted *pro hac vice*)
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999
matthew.tabas@arnoldporter.com

*Counsel for Defendant John Wiley & Sons, Inc.*

VENABLE LLP

/s/ *Danielle R. Foley*
Danielle R. Foley
Lisa Jose Fales
Andrew T. Hernacki
600 Massachusetts Avenue, NW
Washington D.C. 20001
Telephone: (202) 344-4000
drfoley@venable.com

ljfales@venable.com
athernacki@venable.com

*Counsel for Defendant Sage Publications, Inc.*

WHITE & CASE LLP

/s/ *Robert A. Milne*
Robert A. Milne
Jack E. Pace III
Bryan Gant
Daniel Grossbaum
1221 Avenue of the Americas
New York, NY 10020
tel.: (212) 819-8200
fax: (212) 354-8113
rmilne@whitecase.com
jpace@whitecase.com
bgant@whitecase.com
dan.grossbaum@whitecase.com

*Counsel for Defendant Taylor & Francis Group, Ltd.*

WEIL, GOTSHAL & MANGES LLP

/s/ *Adam C. Hemlock*
Adam C. Hemlock
Benjamin E. Marks
Rebecca R. Jacobson
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
adam.hemlock@weil.com
benjamin.marks@weil.com
rebecca.jacobson@weil.com

*Counsel for Defendant International Association of Scientific, Technical, and Medical Publishers*

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO **ORDERED**.


Dated:  August \_\_\_, 2025

                                      _____
                                        Honorable Hector Gonzalez
                                        United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. ELVISHA DHAMALA, DR. SHELLEY FACENTE, DR. ROBERT MAHON, and DR. LUCINA UDDIN, | Case No. 1:24-cv-06409-HG |
| Plaintiffs, | |
| v. | **EXHIBIT A** |
| ELSEVIER B.V., WOLTERS KLUWER N.V., JOHN WILEY & SONS, INC., SAGE PUBLICATIONS, INC., TAYLOR & FRANCIS GROUP, LTD., SPRINGER NATURE AG & CO. KGaA, INTERNATIONAL ASSOCIATION OF SCIENTIFIC, TECHNICAL, AND MEDICAL PUBLISHERS, and JOHN DOES 1 THROUGH 50, | |
| Defendants. | |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Protected Material as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

_____         _____
Printed Name                                                        Signature